SHAYNE S. BASSETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bassett v. Commissioner
Docket No. 9999-76.
United States Tax Court
T.C. Memo 1979-14; 1979 Tax Ct. Memo LEXIS 515; 38 T.C.M. (CCH) 47; T.C.M. (RIA) 79014; January 8, 1979, Filed Shayne S. Bassett, pro se. David N. Brodsky, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's income tax for the taxable year 1973 in the amount of $ 46,450 and additions to tax under the provisions of section 6653(b) and section 6654, Internal Revenue Code of 1954, [1] in the amounts of $ 23,225 and $ 1,482, respectively. This matter is before the Court on respondent's motion for summary judgment under Rule 121 of this Court's Rules of Practice and Procedure. On December 6, 1977, the parties were served with notice that this case was set for trial in Boston, Massachusetts, on *516 March 6, 1978. On November 30, 1977, respondent served on petitioner Respondent's Request for Admissions. Under Rule 90(c) of this Court's Rules of Practice and Procedure, petitioner had until December 30, 1977, to respond. Respondent received no response from petitioner. On January 16, 1977, respondent notified petitioner by registered mail that respondent intended to rely upon petitioner's nonresponse to the Request for Admissions as admitting the facts. On February 2, 1978, respondent filed a motion for summary judgment and the Court mailed notice of such filing on February 6, 1978, advising petitioner that the motion would be heard in Boston, Massachusetts, on March 6, 1978. The notice mailed to petitioner by the Court on February 6, 1978, at his last known address, was returned to the Court by the United States Postal Service indicating that delivery of the mail was refused. On February 14, 1978, the Clerk of the Court mailed copies of the notice by regular mail to two additional addresses for petitioner. Neither of these was returned by the United States Postal Service to the Court. FINDINGS OF FACT Petitioner filed no Federal income tax returns for the taxable *517 year 1973. He resided at West Franklin, New Hampshire when he filed his petition.
During the taxable year 1973, petitioner was a narcotics dealer, operating as a sole proprietor. He maintained no books and records of his narcotics dealings which are essential to the determination of his correct income tax liability for the taxable year 1973, nor were any such books submitted to the Internal Revenue Service for examination. Petitioner had gross receipts of $ 255,683 from his narcotics business in the taxable year 1973 and his cost of goods sold was $ 150,341.61. He had no business expenses for the taxable year 1973, nor was he entitled to other allowable deductions. Petitioner was entitled to no personal exemption for the taxable year 1973, except for himself. Petitioner's taxable income for the taxable year 1973 was $ 102,591. Petitioner's failure to file a Federal income tax return for the taxable year 1973 was a willful attempt to conceal his true income tax liability for such year. Petitioner failed to pay any estimated tax due from him for the taxable year 1973. Petitioner paid no income tax for the taxable year 1973. Petitioner's underpayment of income tax for the *518 taxable year 1973 was a willful attempt to evade tax and was due to fraud on the part of petitioner. OPINION The findings of fact set forth above are based upon respondent's Request for Admissions which were served upon petitioner. Despite repeated attempts of respondent and the Court to elicit a response from petitioner, none was forthcoming. Accordingly, the facts are deemed admitted. Freedson v. Commissioner,65 T.C. 333 (1975). The determination of the Commissioner as to the deficiency in income tax and addition to tax under section 6654 of the Code are presumptively correct. The burden of proof is on petition who offered no proof. Those portions of the Commissioner's determination are, therefore, sustained. The burden of proof as to fraud is on the Commissioner and he must sustain his burden by clear and convicing evidence.Rule 142(b), Tax Court Rules of Practice and Procedure. The facts which we have found as facts are adequate to sustain respondent's burden of proof as to imposition of the addition to tax prescribed by section 6653(b). Gilday v. Commissioner,62 T.C. 260 (1974); Marcus v. Commissioner,70 T.C. 562 (1978). *519 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩