PETE M. CISNEROS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cisneros v. Commissioner
Docket No. 2805-75.
United States Tax Court
T.C. Memo 1980-358; 1980 Tax Ct. Memo LEXIS 225; 40 T.C.M. (CCH) 1141; T.C.M. (RIA) 80358; September 8, 1980, Filed Rebecca T. Hill, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to the tax under section 6653(b) [1] as follows: Addition
Year
Deficiency [2]
Sec. 6653(b)
1969
$ 939.34
$ 469.67
1970
3,092.18
1,546.09
1971
305.47
152.74
1972
1,955.59
977.80
1973
3,778.80
1,889.40
After due notice and a hearing, respondent's Motion to *226 Dismiss for failure properly to prosecute was granted with respect to the deficiencies for the taxable years 1969 to 1973. [3] Accordingly, the only remaining issue is whether any part of the underpayments of tax for the years in issue was due to fraud with intent to evade tax. FINDINGS OF FACT At the time he filed his petition in this case, petitioner Pete M. Cisneros was an inmate at Soledad State Prison, Soledad, Calif. Petitioner was then a legal resident of Fresno, Calif.
When this case was called from the calendar, January 28, 1980, in San Francisco, Calif., neither petitioner nor anyone representing him appeared at trial. On respondent's oral motion under Rule 54, Tax Court Rules of Practice and Procedure, the affirmative allegations in respondent's answer filed July 23, 1976, were deemed admitted under Rule 37(c), id., as follows: (a) During the taxable years 1969 through 1973, petitioner Pete M. Cisneros operated a service station, a trucking business and sold narcotics. During the years 1969 through 1973, petitioner derived taxable income from his service station, trucking business, and the sale of narcotics. (b) The petitioner *227 failed to maintain and submit to respondent for examination complete and adequate books of account and records of his income-producing activities for each of the taxable years 1969 through 1973, as required by the applicable provisions of the Internal Revenue Code of 1954, and the regulations promulgated thereunder. (c) The amount of petitioner's taxable income, deductions, and other items required to be shown on his income tax return for each of the taxable years 1969 through 1973 cannot be determined from the books and records which the petitioner maintained and submitted to respondent for examination. (d) The respondent has determined petitioner's correct taxable income for the taxable years 1969 through 1973 on the basis of the net worth method. (e) There are attached hereto as Exhibits A, B, C. D, and E a statement of petitioner and Julia Cisneros' net worth for the years 1969 through 1973. The petitioner did, in fact, on the date specified in Exhibits A, B, C, D, and E have the specific items of assets and liabilities in the amounts set forth therein. [Specific items omitted. See paragraph (j), infra.] (f) During the taxable years 1969 through 1973, the *228 petitioner expended for personal living expenses and other purposes for which no deduction is allowable under the Internal Revenue laws the amounts identified in Exhibit B attached hereto as personal living expenses, non-deductible loss on automobile accident (1972 Pontiac) and bail money put up in August of 1973. The petitioner did in fact expend the amount so identified in Exhibit B as follows: Personal Living Expenses Year
Amount
1969
$ 6,073.54
1970
7,045.06
1971
8,552.66
1972
9,277.39
1973
8,744.36
Non-deductible Loss 1973
$1,594.37
Bail Money 1973
$10,000.00
(g) During the years 1969 through 1973, petitioner's allowable deductions for medical expenses, taxes, interest, and contributions as shown in Exhibit E attached hereto were as follows: Medical
Year
Expenses
Taxes
Interest
Contributions
1969
$212.67
$254.92
$ 685.53
0
1970
0
362.92
727.06
0
1971
356.94
252.66
925.67
0
1972
31.68
544.84
1,248.81
0
1973
0
678.92
995.95
0
(h) During each of the taxable years 1969 through 1973, petitioner was entitled to deductions for five dependents. (i) During *229 the year 1973 petitioner had deductions (or non-taxable receipts) of $296.80 as shown in Exhibit B attached hereto representing payment on a Pontiac paid by an insurance company. (j) The net worth of petitioner on December 31 of each of the taxable years 1968 through 1973 and the increases in net worth during each of said years was as shown in Exhibit B attached hereto. [Exhibit B shows petitioner had the following total assets, total liabilities, net worth, and increase or (decrease) in net worth during each of the years in issue: Increase
Year
Assets
Liabilities
Net Worth
(Decrease)
1968
$18,812.70
$11,817.29
$6,995.41
0
1969
18,621.66
10,516.61
8,105.05
$ 1,109.64
1970
31,638.86
13,437.65
18,201.21
10,096.16
1971
32,855.57
18,630.40
14,225.17
(3,976.04)
1972
41,473.17.
23,317.39
18,155.78
3,930.61
1973
39,169.79
20,686.76
18,483.03
327.25]
(k) the petitioner on December 31, 1968, did not own, possess, or have on hand any receipt accumulations, funds, or other assets which had a cost basis to him in an amount in excess of 6,995.41. (i) During the taxable years 1969 through 1973, petitioner did not borrow *230 or receive from non-taxable sources any funds or other assets not properly taken into account by respondent which would account for the increases in net worth alleged in subparagraph (j) above. (n) Petitioner's income tax return for 1971 omitted a self-employment tax liability of $305.47. (o) The amount of petitioner's taxable income, the amount reported on his tax return, and the understatement of taxable income are as follows: Correct Taxable
Reported Taxable
Understatements
Year
Income
Income
of Taxable Income
1969
$3,030.06
$ 0
$ 3,030.06
1970
12,926.74
0
12,926.74
1971
(333.65)
0
(333.65)
1972
7,476.80
0
7,476.80
1973
14,619.18
0
14,619.18
(p) The petitioner's correct income tax liability, tax liability reported on his tax returns and the understatement of tax liability for each of the taxable years 1969 through 1972 was as follows: Correct Income
Tax Liability
Understatements of
Year
Tax Liability
reported
Tax Liability
1969
$ 939.34
$ 0
$ 939.34
1970
3,092.18
0
3,092.18
1971
305.47
0
305.47
1972
1,955.69
0
1,955.69
1973
3,778.80
0
3,778.80
[Respondent's allegations *231 as to the ultimate issue of fraud omitted.] Petitioner's adjusted gross income (loss) for the years in issue, as redetermined by respondent under the net worth method and as reported by petitioner on his returns, was as follows: AGI
AGI [4]
Year
per respondent
per return
1969
$ 7,183.18
$ (479)
1970
17,141.22
(483)
1971
4,576.62
559
1972
13,208.00
(1,374)
1973
20,369.18
341
In each year, petitioner reported that either his service station, his trucking business, or both, had generated operating losses. In none of the years before us did petitioner report any income from his dealings in narcotics. On January 11, 1974, petitioner was convicted by a California jury on five separate counts of selling heroin during 1973. In his statutory notice of deficiency, respondent redetermined petitioner's taxable income using the net worth method and asserted the penalty for fraud with respect to each year in issue. OPINION The only issue remaining for decision is whether any part of petitioner's underpayments of his income taxes for the years in controversy was due to fraud with intent *232 to evade tax. The existence of fraud is a question of fact to be determined from the entire record. Stratton v. Commissioner,54 T.C. 255 (1970). Respondent has the burden of proof to establish fraud by clear and convincing evidence. Sec. 7454(a); Imburgia v. Commissioner,22 T.C. 1002 (1954). In addition, respondent must show that some part of the underpayment of tax was due to fraud for each taxable year in issue. Otsuki v. Commissioner,53 T.C. 96 (1969). Because direct evidence of fraudulent intent is seldom available, respondent's burden may be met with circumstantial evidence. Spies v. United States,317 U.S. 492 (1943); Powell v. Granquist,252 F.2d 56 (9th Cir. 1958). It is well settled that respondent may carry his burden by affirmative allegations in the answer which have been deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure.Gilday v. Commissioner,62 T.C. 260 (1974); McGlue v. Commissioner,45 B.T.A. 761 (1941). Based upon the facts deemed admitted in this case and our examination of petitioner's returns, we think respondent *233 has clearly and convincingly demonstrated fraud for each of the years 1969, 1970, 1972, and 1973. In each of those years petitioner consistently omitted substantial amounts of income from his return. Such a pattern is very strong evidence of fraud. Lollis v. Commissioner,595 F.2d 1189 (9th Cir. 1976). affg. a Memorandum Opinion of this Court; Kurnick v. Commissioner,232 F.2d 678 (6th Cir. 1956), affg. a Memorandum Opinion of this Court. In the absence of adequate records, we think respondent's use of the net worth method was reasonable, and respondent has proven the likely source of petitioner's unreported income. See Holland v. United States,348 U.S. 121 (1954). Moreover, petitioner's dealing in narcotics itself suggests a willingness to conceal income from the Government with intent to evade taxes. See Smith v. Commissioner,285 F.2d 91, 98 (5th Cir. 1960); McGee v. Commissioner,61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975), cert. denied 424 U.S. 967 (1976). However, we do not think the evidence of fraud is clear and convincing for 1971. Respondent *234 increased petitioner's adjusted gross income for 1971 by about $4,000. But because of petitioner's legitimate deductions and five personal exemptions, he was left with a taxable income of zero--the same taxable income he reported. What petitioner failed to do in 1971 was to report a self-employment tax liability of $305.47. While it is true that petitioner failed to report income in 1971, we cannot say, based upon this record, that respondent has proved petitioner believed he owed income taxes in a year in which he had a taxable income of zero. Accordingly, we do not find fraud with intent to evade tax for petitioner's taxable year 1971. See Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); McGee v. Commissioner,supra.
To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner filed joint returns with his wife, Julia Cisneros, for all years in issue, and the liability for the deficiency asserted in each year (but not the fraud penalty) was joint and several. Julia Cisneros, however, did not join in filing the petition herein.↩
3. Order dated June 1, 1976.↩
4. Mathematical errors corrected for 1971 and 1972.↩