JOHN ALBERT GILDAY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1608–73. Filed May 29, 1974.

---

*William H. Newton III*, for the respondent.

OPINION

DRENNEN, *Judge:* Respondent determined a deficiency in income tax and addition to tax under section 6653(b), I.R.C. 1954, against petitioner as follows:

| Year | Deficiency | Addition to tax sec. 6653(b) |
|------|-----------|-------------------------------|
| 1969 | $818.01 | $409.01 |

Petitioner filed an individual income tax return for the year 1969 with the office of Internal Revenue Service, Jacksonville, Fla. Petitioner resided in Miami, Fla., at the time the petition herein was filed.

Respondent filed his answer to the petition filed herein on May 7, 1973. The answer affirmatively alleged specific facts upon which respondent relied to sustain fraud, the burden of proof of which is placed on respondent by statute. Sec. 7454(a), I.R.C. 1954. Petitioner did not file a reply to respondent's answer, and on August 2, 1973, respondent filed a Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted, under then Rule 18(c),[1] Tax Court Rules of Practice. Upon due notice of hearing, this Court, on October 3, 1973, entered an order granting respondent's motion.

This case was called for trial from the trial calendar of this Court in Miami, Fla., on May 13, 1974. There was no appearance by or in behalf of petitioner. Respondent thereupon moved that the case be dismissed for lack of prosecution insofar as the deficiency is concerned and that the Court enter decision for respondent in the amount of the deficiency determined in the notice of deficiency. This motion was granted, and decision will be entered for respondent that there is a deficiency in petitioner's income tax for the year 1969 in the amount of $818.01. See sec. 7459(d), I.R.C. 1954.

Respondent also moved for judgment on the fraud issue based on the affirmative allegations of fact contained in respondent's answer, which were deemed admitted by the order of this Court above men-

[1] Present Rule 37(c).

tioned pursuant to Rule 37(c). The facts so deemed admitted establish that petitioner claimed dependency exemptions for four children who were living with petitioner's estranged wife and for whom petitioner did not supply more than 50-percent support in 1969; that petitioner gave a false address on his income tax return for 1969; that petitioner erroneously claimed an exemption for his estranged wife, Alice Gilday, on his 1969 return, by filing what purported to be a joint return; and that petitioner forged the signature of his wife on his 1969 return. Alice Gilday filed a separate individual income tax return for the year 1969, claiming a dependency credit for all four children as well as a personal exemption for herself.

Respondent has the burden of proving fraud by clear and convincing evidence. *Zelma Curet Miller*, 51 T.C. 915 (1969); *M. Rea Gano*, 19 B.T.A. 518 (1930). We find that the facts deemed admitted satisfy respondent's burden of proving fraud. We find as a fact that the return filed by petitioner was false and fraudulent with intent to evade tax, and that the deficiency was due to fraud. Accordingly, there is an addition to tax owing by petitioner for the year 1969 in the amount of $409.01.

The motion procedure followed by respondent as outlined above has been used in the past, see *Louis Morris*, 30 T.C. 928 (1958); *Robert Kenneth Black*, 19 T.C. 474 (1952); *Earnest B. Watson*, T.C. Memo. 1964–155, and is probably satisfactory under the new Rules of Practice and Procedure, United States Tax Court, which became effective January 1, 1974. However, in a case in which the respondent has the burden of proving fraud, and the Court must determine whether the facts, either deemed admitted under Rule 37(c) or proven at the trial, prove fraud, a motion to dismiss seems inappropriate, if a more consistent procedure is available. Rule 123 of the new rules provides that when any party has failed to plead or otherwise proceed as provided in the rules, he may be held in default by the Court on motion of another party, and the Court may enter decision against the defaulting party. New Rule 122 provides that any case not requiring a trial for submission of evidence (as, for example, where sufficient facts have been admitted) may be submitted to the Court on the facts so established without trial. In a case such as this where respondent is willing to submit the fraud issue to the Court on the facts deemed admitted under Rule 37(c), a more appropriate procedure would be for respondent to move, when the case is called from the trial calendar and petitioner fails to appear, for judgment by default for the deficiency in tax as determined in the notice of deficiency, and for judgment on the fraud issue on the facts deemed admitted without trial. The Court can then grant respondent's motion for judgment by default with respect to the deficiency in tax and enter such decision as it finds justified

from the admitted facts with respect to the addition to tax fraud under section 6653(b).

In this case, for reasons above stated, decision will be entered for respondent with respect to both the deficiency in tax and the addition to tax for fraud.

*Decision will be entered for the respondent.*