MICHAEL F. LODISE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lodise v. Commissioner
Docket No. 2633-76.
United States Tax Court
T.C. Memo 1977-157; 1977 Tax Ct. Memo LEXIS 285; 36 T.C.M. (CCH) 668; T.C.M. (RIA) 770157; May 24, 1977, Filed *285 Lowell F. Raeder, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined a deficiency of $5,047.21 in petitioner's Federal income tax for the year 1973 and an addition to tax of $2,523.61 under section 6653(b), Internal Revenue Code of 1954.
By order dated April 20, 1977, the Court granted respondent's motion for summary judgment with respect to the determined deficiency and limited the trial of this case to the issue of petitioner's liability for the addition to tax for fraud. When the case was called for trial at Philadelphia, Pennsylvania, on May 10, 1977, the petitioner failed to appear and present evidence "regarding the circumstances surrounding and the reasons for his failure to correctly report the embezzled funds on his 1973 return and pay the tax thereon." Respondent's counsel then moved for decision against the petitioner with respect to the fraud issue on the ground that the facts alleged in the answer and deemed admitted by the Court's Order of August 18, 1976, support respondent's determination of the addition to tax for fraud. The admitted facts are as follows: (a) During 1973, petitioner *286 worked as a bookkeeper for the Office of Drug Abuse Law Enforcement (ODALE) in Philadelphia, Pennsylvania. Petitioner was responsible for the disbursement of agency funds. (b) During the taxable year 1973, petitioner embezzled $19,211 from ODALE in Philadelphia, Pennsylvania. (c) The aforesaid amount was not correctly recorded on petitioner's books of account and records, or correctly reported on petitioner's income tax return for the taxable year 1973. (d) Petitioner filed with the Internal Revenue Service in Philadelphia, Pennsylvania, a U.S. Individual Income Tax Return for the taxable year 1973. (e) Petitioner reported taxable income of $5,245 for the taxable year 1973 and reported an income tax liability of $856.55 for said year. (f) Petitioner had, in fact, received taxable income for the taxable year 1973 of $24,676.
(g) Petitioner's income tax liability which was required to have been shown by petitioner on his said U.S. Individual Income Tax Return for the taxable year 1973 was $5,903.76 and is unpaid to the extent of $5,047.21. (h) The item comprising petitioner's said unreported additional income for the taxable year 1973 totaling $19,211 was the funds *287 embezzled from ODALE in Philadelphia, Pennsylvania. (i) Petitioner understated his taxable income on his income tax return for the taxable year 1973 in the amount of $19,431. (j) Petitioner understated his income tax liability on his income tax return for 1973 in the amount of $5,047.21. (k) Petitioner's failure to correctly record his income-producing activities on his books and records, and his failure to produce records or other information as to such income-producing activities to the respondent in connection with the examination of his income tax return for the taxable year 1973 were fraudulent with intent to evade tax. (1) Petitioner fraudulently, and with intent to evade tax, omitted from his income tax return for the taxable year 1973 taxable income in the amount of $19,211. In our opinion the above facts clearly and convincingly establish that a part of the underpayment of tax for 1973 is due to fraud. The admitted facts bring this case within our holding in McGee v. Commissioner,61 T.C. 249 (1973), affd. 519 F. 2d 1121 (5th Cir. 1975). See also Gilday v. Commissioner,62 T.C. 260 (1974); Costello v. Commissioner,T.C. Memo. 1976-399; *288 Plumlee v. Commissioner,T.C. Memo. 1977-21. Accordingly, we sustain the deficiency and addition to tax for fraud in the amounts determined by respondent. Decision will be entered for the respondent.