ANDREW A. LANE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent SHIRLEY T. LANE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lane v. Commissioner
Docket Nos. 3406-76, 3462-76.
United States Tax Court
T.C. Memo 1977-218; 1977 Tax Ct. Memo LEXIS 227; 36 T.C.M. (CCH) 911; T.C.M. (RIA) 770218; July 13, 1977, Filed *227 Kevin M. Bagley, for the respondent. SCOTT MEMORANDUM OPINION
SCOTT, Judge: Each of these cases, which have not been consolidated, was called for hearing on respondent's motion for summary judgment on June 1, 1977, in Washington, D.C. Neither petitioner appeared. Because of previous action taken in these cases, the only issue to be determined by the Court in ruling on respondent's motion for summary judgment is whether respondent, through allegations which have been deemed to be admitted, has sustained his burden of showing that each petitioner is liable for the additions to tax for fraud under section 6653(b), I.R.C. 1954, [1] for each of the years here in issue. Petitioner Andrew A. Lane filed with this Court on April 22, 1976, a petition to which was attached the front sheet of the notice of deficiency mailed to him by respondent on January 27, 1976. In the notice, the following deficiencies and additions to tax were determined: Additions to Tax Taxable Year Ended
I.R.C. 1954 December 31
Deficiency
Sec. 6653(b)
Sec. 6654(a)
1972 $680 $340
$ -0-
1973
656
328
3.25
1974
744
372
22.34
*228 On April 23, 1976, petitioner Shirley T. Lane filed a petition with this Court to which was attached the first page of a notice of deficiency mailed to her by respondent on January 27, 1976, which showed the following deficiencies and additions to tax: Additions to Tax Taxable Year Ended
I.R.C. 1954 December 31
Deficiency
Sec. 6653(b)
Sec. 6654(a)
1972
$2,442.50
$1,221.25
$14.66
1973
1,499.00
749.50
1.48
1974
213.00
106.50
6.40
Each petition alleged that the notice was issued by the Office of the Internal Revenue Service, Boston, Massachusetts, and the address shown in each notice was in Malden, Massachusetts. On May 25, 1976, respondent filed a motion to dismiss each of these petitions for failure to state a claim upon which relief can be granted. The Court issued an order in each case to show cause why respondent's motion should not be granted, allowing each petitioner until July 15, 1976, within which to file a proper amended petition. Each petitioner, on July 16, 1976, filed a reply to respondent's motion to dismiss and the Court on that date issued an order allowing each petitioner until August 18, 1976, within which *229 to file a proper petition. No proper petition was filed by either petitioner and by order dated August 18, 1976, the Court dismissed the cases for lack of prosecution insofar as they related to those issues upon which petitioners had the burden of proof and ordered that the cases proceed to trial for the limited purpose of determining the merits of the additions to taxes determined by respondent under section 6653(b), allowing respondent 60 days within which to file an answer in each case. On September 21, 1976, respondent filed an answer in each case. In the case of Andrew A. Lane, respondent made the following affirmative allegations of fact: 7. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax which the petitioner was required to show on an income tax return for the taxable years 1972 through 1974 is due to fraud, the respondent alleges: (a) The petitioner, during the taxable years 1972 through 1974 was employed by the General Birch Service Corporation, Belmont, Massachusetts. (b) The amount of the petitioner's gross and taxable income, deductions and other items required to be shown on an income tax return for *230 the taxable years 1972 through 1974 cannot be determined from books and records maintained by the petitioner, as shown by the following facts: (1) During the course of their examination, agents of the respondent requested the petitioner to furnish books and records of his income-producing activities; and (2) Petitioner, in response to such requests refused to submit books and records of any kind for examination by the agents of the respondent. (c) The petitioner received gross income for the taxable years 1972, 1973 and 1974 in the following amounts and from the following sources, respectively: 1972
1973
1974
Wages reflected on
W-2 from General
Birch Service Corp.
$3,780.00
$3,333.72
$3,382.27
Dividend Income
Textron Inc.
21.96
23.28
25.80
Standard Oil of
N.J. (Exxon)
1,086.80
1,215.50
1,430.00
Florida Tel. Corp.
55.65
63.00
133.56
General Motors
222.50
262.50
170.00
West Driefrontien
Gold
164.50
246.75
470.00
Texaco, Inc.
166.00
173.00
210.00
American T & T
132.50
140.00
158.00
Total Dividend Income
$1,849.91
$2,124.03
$2,597.36
(d) The income taxes due and payable by the petitioner for the taxable years *231 1972, 1973 and 1974 are in the amounts of $680.00, $656.00 and $744.00, respectively. (e) The petitioner failed to file income tax returns for the taxable years 1972, 1973 and 1974 and failed to pay any portion of the income tax liabilities due from him for said taxable years. In the case of Shirley T. Lane, respondent made the following affirmative allegations of fact: 7. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax which the petitioner was required to show on an income tax return for the taxable years 1972 through 1974 is due to fraud, the respondent alleges: (a) The petitioner, during the taxable years 1972 through 1974 was employed by the City of Malden, Malden, Massachusetts. (b) The amount of the petitioner's gross and taxable income, deductions and other items required to be shown on an income tax return for the taxable years 1972 through 1974 cannot be determined from books and records maintained by the petitioner, as shown by the following facts: (1) During the course of their examination, agents of the respondent requested the petitioner to furnish books and records of her income-producing activities; *232 and (2) Petitioner, in response to such requests refused to submit books and records of any kind for examination by the agents of the respondent. (c) The petitioner received gross income for the taxable years 1972, 1973 and 1974 in the following amounts and from the following sources, respectively: 1972
1973
1974
Wages reflected on
W-2 from City of
Malden
$10,215.95
$7,129.92
$2,571.86
Dividend Income: Standard Oil of
N.J. (Exxon)
1,086.80
1,215.50
1,430.00
Florida Tel. Corp.
55.65
63.00
133.56
General Motors
222.50
262.50
170.00
West Driefrontien
Gold
164.50
246.75
470.00
Texaco, Inc.
166.00
173.00
210.00
American T & T
132.50
140.00
158.00
Niagara Mohawk
Power
95.20
97.75
100.30
Total Dividend
Income
$ 1,923.15
$2,198.50
$2,671.86
(d) The income taxes due and payable by the petitioner for the taxable years 1972, 1973 and 1974 are in the amounts of $2,442.50, $1,499.00 and $213.00, respectively. (e) The petitioner failed to file income tax returns for the taxable years 1972, 1973 and 1974 and failed to pay any portion of the income tax liabilities due from her for said taxable years. No reply was filed *233 by either petitioner, and respondent, on November 30, 1976, filed a motion in each case that the Court enter an order that the undenied allegations of fact set forth in his answer be deemed admitted. In each case the Court issued an order setting respondent's motion for hearing on January 12, 1977, with the provision that the motion would be denied if a proper reply was filed on or before December 20, 1976. No reply was filed by either petitioner, and after each case was called on January 12, 1977, the Court issued an order in each case deeming the undenied allegations which we have heretofore set forth to be admitted. On April 11, 1977, respondent filed a motion for summary judgment asking that, on the basis of the record, the determination as made by respondent in his notice of deficiency in each case be in all respects substantiated. Because of previous action by the Court, the only issue now to be decided is whether respondent's allegations in each case which are deemed admitted are sufficient to sustain respondent's burden of proof with respect to an addition to tax under section 6653(b). As we have previously held, respondent can satisfy his burden through allegations *234 of fact which are deemed admitted in accordance with Rule 37(c), Tax Court Rules of Practice and Procedure.Gilday v. Commissioner,62 T.C. 260, 262 (1974), and cases there cited. The facts as established here show that neither petitioner filed a return for any of the years here in issue, although each petitioner had sufficient income in each of these years to require the filing of a return. The facts further show that neither petitioner paid any portion of the income tax liability due for the years here in issue. The record here also shows that each petitioner was employed during each of the years here in issue and also had dividend income during each of these years. However, each petitioner refused the request of respondent's agent for the production of books and records for examination. As we pointed out in Beaver v. Commissioner,55 T.C. 85, 92-93 (1970), a willful attempt to evade tax by means of willful failure to file returns subjects a taxpayer to an addition to tax for fraud. A combination of failure to file returns with conduct calculated to conceal facts is strong evidence of fraud. Powell v. Granquist,252 F.2d 56 (9th Cir. 1958). *235 In our view, the facts of record here are sufficient to show that each petitioner knowingly and with intent to evade tax failed to file returns, failed to pay any tax even though receiving sufficient income to require such payment, and refused to disclose records to respondent. These facts constitute clear and convincing evidence that a part of the underpayment of tax by each petitioner was due to fraud. Decisions will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩