ROBERT G. WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 7765-78
United States Tax Court
T.C. Memo 1981-515; 1981 Tax Ct. Memo LEXIS 227; 42 T.C.M. (CCH) 1098; T.C.M. (RIA) 81515; September 16, 1981. Osmun R. Latrobe and Michael J. O'Brien, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent, in his notice of deficiency issued to petitioner on April 14, 1978, determined *228 a deficiency in petitioner's 1974 Federal income tax of $ 1,059 and additions to tax under section 6653(b) [1] of $ 529.50. On November 22, 1978, an order was issued dismissing this case for lack of prosecution insofar as it related to the underlying deficiency but directing that the case proceed to trial for the limited purpose of determining the merits of the section 6653(b) issue. On June 29, 1981, a trial was held with respect to the issue of fraud with the petitioner not appearing. [2] The sole issue remaining for our decision is whether all or part of the underpayment of tax required to the shown upon petitioner's 1974 return was due to fraud within the meaning of section 6653(b). *229 FINDINGS OF FACT Petitioner resided in Tulsa, Oklahoma at the time he filed his petition herein. He filed his Federal income tax return for the 1974 taxable year with the Internal Revenue Service. Petitioner filed four income tax returns for the taxable year 1974, claiming a refund on each return, as follows: Return Date
Refund Claimed
4/10/75
$ 60.28
4/12/75
141.98
4/13/75
170.48
4/14/75
106.60
On each return, petitioner used a different social security account number, as follows: Date of Return
Social Security Acct. No.
4/10/75
445-44-7667
4/12/75
446-44-7667
4/13/75
446-42-7227
4/14/75
442-42-7667
Petitioner claimed multiple exemptions on each of the returns he filed for 1974 and the exemptions were different for each such return, as follows: Date of Return
Exemptions Claimed
4/10/75
Mary Lou, David, James Ray
4/12/75
Ronald Allen, James Ray, Roseanne
4/13/75
Ronald Allen, Roseann, Gerald Dean
4/14/75
Ronald, Howard, Mary Ann
On three of the four returns, petitioner reported different occupations, as follows: Date of Return
Occupation Claimed
4/10/75
Mechanic
4/12/75
Equipment operator
4/13/75
Truck driver
4/14/75
Mechanic
*230 Petitioner attached a Form W-2 to each return with respect to the income petitioner earned in that occupation noted on the return. On March 16, 1976, petitioner was interviewed by Special Agents Jerald Killough and Jim DePue of the Internal Revenue Service in connection with petitioner's 1974 income tax returns. During the course of the interview, petitioner identified his signature on the four returns he admitted filing for the 1974 taxable year. At the conference, petitioner also stated that he had only one dependent, his son, Ronald Allen. Petitioner identified Howard and David James Ray as friends, Mary Ann as Howard's girl friend, Ronseann as a little girl he "kept" for about one year during 1966, and Gerald Dean as his younger brother. Petitioner told the agents that he did not support any of the aforementioned persons during the 1974 taxable year except for his son, Ronald Allen. Petitioner fraudulently and with the intent to evade tax understated his income tax liabilities for 1974 by filing multiple returns for that year and claiming numerous fictitious dependents on such returns. OPINION The burden of proof with respect to fraud is upon respondent to prove, *231 by clear and convincing evidence, that some part of the underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Imburgia v. Commissioner, 22 T.C. 1002 (1954). The evidence establishing petitioner's fraud in the instant case could not be clearer. Petitioner's deceptive scheme consisted of filing four separate Federal income tax returns for 1974, reporting on each return only the income from one or two of the various jobs at which he was employed during the year. The purpose of such income-splitting scheme was obviously to have the lower tax rates apply and thereby obtain a refund on each return. [3] To avoid detection, petitioner employed a different social security number for both himself and his wife on each of the returns (with the exception of the return dated April 14, 1975, wherein petitioner omitted his wife's social security number). *232 Petitioner's fraudulent scheme did not end there. He wished to obtain an even larger refund for each of the four returns he filed. To achieve such objective, he used the names of eight separate individuals in claiming dependent children, reporting three per return. Only one of the names is that of a bona fide dependent, petitioner's son, Ronald Allen. The other names, identified by petitioner in his conversation with Internal Revenue Agents, consisted of friends of petitioner, a girl friend of one of petitioner's friends, a girl whom petitioner used to take care of and a younger brother of petitioner. Such blatantly fraudulent conduct cannot be condoned. Accordingly, petitioner's filing of multiple returns under different numerical allases for the year 1974 and his claiming of fictitious dependents prove, beyond a doubt, petitioner's willful intent to defraud the Government. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Since respondent did not move pursuant to Rule 37(c), Tax Court Rules of Practice and Procedure, that the affirmative allegations in his answer relative to fraud be deemed admitted, our findings of fact are based solely upon the evidence adduced by respondent at trial. Cf. Doncaster v. Commissioner, 77 T.C.     (Aug. 11, 1981) (reviewed by the Court) (deemed admitted affirmative allegations in respondent's answer are sufficient to carry respondent's burden as to fraud where respondent made Rule 37(c) motion that such allegations be deemed admitted); see also Gilday v. Commissioner, 62 T.C. 260↩ (1974).
3. Had petitioner correctly reported all such income on one return, claiming exemptions for only himself and his son (and filing a separate return), his tax liability in 1974 based on the information on his returns would have been $ 1,059, the amount of the deficiency herein. See sec. 1(d), sec. 141, sec. 151 (as in effect in 1974). Petitioner's filing of four separate returns resulted in the application of a smaller tax liability due to the duplication of exemptions and standard deductions and the progressive rate structure of our tax system. Had his scheme succeeded, petitioner could have received a refund on each of the four returns even if he had claimed the correct number of exemptions. Id↩. As will be pointed out, petitioner's claiming of numerous phantom dependents only served to increase the amount of refund he attempted to obtain from the Government on each of the returns.