CHARLES L. LEWIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CHARLES L. LEWIS and CAROL S. LEWIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket Nos. 9521-80, 9522-80.
United States Tax Court
T.C. Memo 1983-47; 1983 Tax Ct. Memo LEXIS 737; 45 T.C.M. (CCH) 579; T.C.M. (RIA) 83047; January 26, 1983. *737 In his answer, respondent specifically alleged the facts upon which he determined the understatements of taxable income and fraud in the notice of deficiency. Petitioners failed to file a reply and respondent's motion that the facts alleged in his answer be deemed admitted under Rule 37, Tax Court Rules of Practice and Procedure, was granted. Petitioner, Charles L. Lewis, appeared pro se at the hearing on respondent's motion for summary judgment and orally objected to the motion, claiming that there were disputes as to the facts which he would prove if given the opportunity at a trial on the merits with respect to the underlying deficiencies. Held:
1. Respondent may rely on the allegations of fact in his answer deemed admitted to prove fraud and the underlying deficiencies. 2. In light of the allegations deemed admitted, there are no material facts in dispute and summary judgment is appropriate. 3. The allegations in respondent's answer which are deemed admitted are sufficient to prove both fraud and the underlying deficiencies and respondent's motion for summary judgment is granted. Charles L. Lewis, pro se. Albert L. Sandlin, Jr., for the respondent. DRENNEN
MEMORANDUM *738 FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the taxable years and in the amounts as follows: Addition to tax
Docket
to
No.
Petitioner [1]
Year
Deficiency
sec. 6653(b) [2]
9521-80
Charles L. Lewis
1971
$51,536.94
$25,768.47
9522-80
Charles L. Lewis
1968
130,691.62
65,345.81
and Carol S. Lewis
1969
35,718.82
17,859.41
1970
12,668.14
6,334.07
These consolidated cases are before us on respondent's motion for summary judgment on both the underlying deficiencies and additions to tax for fraud. In the notices of deficiency issued to petitioners for 1968, *739 1969, 1970, and 1971, respondent determined that petitioners had unreported income from several sources and that petitioners had improperly claimed certain deductions. The table below summarizes the adjustments: Adjustment to Income
1968
1969
1970
1971
Income - IBM Stock
transaction
$166,617.92
Income - Unidentified
deposits
35,627.30
$61,323.37
$14,801.39 $2,693.00
Income - Commissions
12,330.00
38,074.19
Income - Fees
48,000.00
Income - Misappropriated
funds
13,100.00
7,790.00
Income - Dividends
4,893.71
Income - Forgiveness of
indebtedness
27,500.00
410,000.00 Income - Other
5,906.18
14,744.86 Income - Capital gains
7,492.67
9,562.59 Income - Interest
465.76
1,913.96 Income - Travel reimbursement
8,782.52
1,428.09
Office rent expense
2,460.00
Legal and professional fees
Interest expense
(3,690.81)
General sales tax
241.00
313.02
246.06 190.60 The notices of deficiency were addressed to petitioners at 1125 Johnson Ferry Road, NE, Apt. 9, Atlanta, Ga. Petitioners filed petitions with this Court on June 16, 1980, using the same address. The petitions herein set forth petitioners' contentions that they did not receive the unreported income or claim the improper deductions determined by respondent in his notices of deficiency, *740 and that the statute of limitations bars the assessment of deficiencies for 1968 through 1971. On August 14, 1980, respondent filed answers in which he denied the substantial allegations of the petitions and further alleged that petitioners were liable for an addition to tax for fraud under section 6653(b) for each of the years in dispute. Respondent set forth specific facts with respect to each adjustment to income made in the notices of deficiency to support his claim that petitioners were liable for the addition to tax for fraud. [3] *741 In addition, respondent asserted that petitioners had been convicted in a criminal case for violating section 7206(1) for willfully and knowingly making and subscribing Federal income tax returns, which he did not believe to be true and correct as to every material matter for each of the taxable years 1968 through 1971, and for violating section 7201 for the year 1968 for willfully and knowingly attempting to evade and defeat his income taxes; and that therefore petitioner was collaterally estopped to deny that he was liable for the addition to tax for fraud for 1968 through 1971. Petitioners failed to file a reply to respondent's answers and on October 14, 1980, respondent moved for entry of an order that the undenied allegations in the answers be deemed admitted. This motion was served on petitioners by respondent on October 10, 1980, by mail addressed to the Johnson Ferry Road address. Notice of hearing on the motion was mailed to petitioners by the Court on October 22, 1980, using the same address. Petitioners did not appear at the hearing or otherwise respond to respondent's motions, and on November 19, 1980, the Court entered an order deeming admitted "the undenied affirmative allegations of fact contained in subparagraphs (a) through (x) of paragraph 7, subparagraphs (a) through (1) of paragraph 8, and subparagraph (a) of paragraph 9 [in each] of respondent's Answer[s] filed * * * on August 14, 1980." A copy of that order was mailed to petitioners on November 25, 1980, at the same address. The case was first set for trial on a trial calendar of this Court in Atlanta starting March 2, *742 1981, notice of which was sent to petitioners at the Johnson Ferry Road address. A joint motion to consolidate the cases and to continue them was filed on March 2, 1981, which motion was granted. Petitioner, Charles L. Lewis, signed this motion and gave the Johnson Ferry Road address as his address. On November 13, 1981, respondent filed a motion for summary judgment, which was served on petitioners at the same address and set for hearing in Atlanta on January 6, 1982, which was later changed to January 25, 1982. Petitioners filed no objections to respondent's motion. When the case was called for hearing on January 25, 1982, petitioners did not appear. Respondent moved for a continuance which was granted. The cases were again set for hearing on respondent's motion for summary judgment on a trial calendar in Atlanta starting September 13, 1982. Notice of this hearing was mailed to petitioners at the Johnson Ferry Road address which the Court had used in serving copies of respondent's answer, his motion to have the allegations in the answer deemed admitted, and his motion for summary judgment. Petitioner, Charles L. Lewis, who had filed no objections or other documents with the *743 Court since the petitions were filed, did appear pro se when the case was called in Atlanta, Ga., on September 13, 1982. At that time, petitioner orally objected to respondent's motion for summary judgment and asked for a trial with respect to the deficiencies on the merits. A hearing was conducted at which Charles L. Lewis alone testified in petitioners' behalf. His testimony was to the effect that, either because of a change of his address in November or December of 1980, or because the documents were lost in the mail, he had never received respondent's answer, his motion for deemed admissions, or notice of the hearing thereon. Lewis, while admitting that petitioners were collaterally estopped from denying civil fraud by his conviction of criminal fraud, testified generally that he could prove error in respondent's determination of the deficiencies. Respondent offered testimony to indicate that petitioner was using the Johnson Ferry Road address during the latter part of 1980. At the conclusion of the hearing, respondent's motion for summary judgment was taken under advisement. Rule 37(b) provides that in response to each material allegation in the answer and the facts in *744 support thereof on which the Commissioner has the burden of proof, the reply shall contain a specific admission or denial. In addition, the reply shall contain a clear and concise statement of every ground, together with the facts in support thereof, on which petitioner relies affirmatively or in avoidance of any matter in the answer on which the Commissioner has the burden of proof. Rule 37(c) provides that where a reply is not filed, the Commissioner may move for an order that specified allegations in the answer be deemed admitted, and that the motion shall be granted unless on or before the date set for hearing on the motion, the required reply has been filed. Petitioners have not yet filed a reply to respondent's answer and neither the Court nor respondent has any idea of what petitioners rely on to prove error in respondent's determinations. The Court was obviously justified in granting respondent's motion that the allegations in his answer be deemed admitted.We are not convinced by the evidence that petitioners did not receive respondent's answer, the Rule 37 motion, and notice of hearing theron. But even if they did not receive those documents, petitioner, who is an intelligent *745 man, was not entitled to sit back for 2 years after the petition was filed and do nothing. There was no motion before us to set aside the Rule 37 order and we would not be inclined to do so in any event. Rule 121(a) [4] provides that either party may move for a summary adjudication in his favor upon all or any part of the legal issues in controversy. Rule 121(b) provides that-- A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary judgment adjudication may be made which does not dispose of all the issues in the case. Respondent has moved for summary judgment on both the underlying deficiencies and the fraud. With respect to the fraud issue, this Court held in Doncaster v. Commissioner,77 T.C. 334 (1981), that the deemed admitted affirmative allegations were sufficient to carry respondent's burden of proof as to fraud, under Rule 142(b), and granted *746 respondent's motion for summary judgment on the fraud issue. We found that not only were the allegations of basic facts relied on by respondent to establish fraud deemed admitted, but also that respondent's conclusory allegations included in respondent's answer, i.e., that petitioner fraudulently and with intent to evade tax omitted taxable income from his return, and that a part of the underpayment of tax was due to fraud with intent to evade tax, were also deemed admitted, and that both types of allegations could be relied on to carry respondent's burden of proof of fraud. In his answer in this case respondent very meticulously alleged the basic facts with regard to each adjustment in the notice of deficiency upon which he relied to prove fraud and also alleged similar conclusory facts as mentioned above. In our opinion, the alleged facts which were deemed admitted may be relied on by respondent to prove fraud and they carry respondent's burden of proving fraud. The circumstances in Doncaster were somewhat different than those in this case. There petitioner neither filed a reply nor appeared at the trial. We granted respondent's motion for summary judgment on the fraud issue *747 and granted respondent's motion for default judgment with respect to the underlying deficiency for failure of petitioner to carry his burden of proof on that issue. Here, petitioner did not file a reply but did appear when the case was called for hearing on respondent's motion for summary judgment, and sought to present evidence that respondent's characterization of the transactions giving rise to omitted income and disallowed deductions were incorrect. But those characterizations were set forth in respondent's answer and were deemed admitted. Also, the conclusory allegations of fraud made in respondent's answer were deemed admitted. Thus, there could be no genuine issue with respect to any material facts on the fraud issue and summary judgment on that issue is appropriate. In view of our conclusion, we need not reach the issue of collateral estoppel. Since we have found that petitioners' returns for each of the years in issue were false or fraudulent with the intent to evade tax, the statute of limitations does not bar assessment and collection of the tax. Sec. 6501(c). With respect to the underlying deficiencies for each of the years here involved, petitioners have the burden *748 of proving error in respondent's determinations. Rule 142(a). The allegations of fact in respondent's answer support the deficiencies determined by respondent, and those facts are deemed admitted. Of course, petitioners could claim that they were entitled to deductions or credits that were not claimed on their returns which might offset some of the deficiencies determined by respondent. [5] *749 However, petitioners claimed no such additional deductions or credits in their petitions and they did not claim any such at the hearing or in their memorandum submitted after the hearing. What they did claim was that respondent erred in his characterization of the various specific items of income and deductions that he relied on to find the unreported income and deficiencies in tax determined in the notice of deficiency. But respondent's characterization of those items were alleged in respondent's answer and are now deemed admitted. Under the circumstances, petitioners would be precluded from offering evidence at trial to dispute the characterization of those items. Hence, petitioners have failed to show that there are any facts in dispute that would affect the legal issues. Furthermore, respondent, in paragraph 7(W) of his answer, alleged that-- Petitioner understated his taxable income on his Federal income tax returns for the years 1968, 1969, 1970, and 1971 in the amounts of $273,470.50, $82,664.96, $47,085.91, and $90,004.68. This allegation of fact was deemed admitted by the Court's order of November 19, 1980. Petitioners would be precluded from offering evidence at a trial that would dispute these facts. Hence, petitioner has not shown that there are any disputable facts with reference to the underlying deficiencies, so summary judgment for respondent on this issue is also appropriate. Gilday v. Commissioner,62 T.C. 260 (1974). Respondent's motion for summary judgment will be granted and An appropriate order will be entered.
Footnotes
1. For the years 1968, 1969, and 1970, a notice of deficiency was issued to both petitioners since they had filed joint returns for those years. For 1971, petitioner Charles L. Lewis filed as married filing separately, and consequently a separate notice of deficiency was issued to him alone for such year. Two separate petitions were filed, but the cases have been consolidated for purposes of trial, briefing and opinion, and may be hereinafter referred to in the singular. ↩
2. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue.↩
3. Respondent filed separate but identical answers for the two docketed cases herein. These answers are each 27 pages long and set forth very specific allegations with respect to each adjustment to income made in the notices of deficiency.
4. All rule references are to the Tax Court Rules of Practice and Procedure.↩
5. While the jury in petitioner's criminal fraud trial did not have to determine the amount of taxable income omitted from petitioner's returns, it did have to determine that there was some unreported income for each of the years.