DANIEL A. SHULMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shulman v. Commissioner
Docket No. 7123-83.
United States Tax Court
T.C. Memo 1985-70; 1985 Tax Ct. Memo LEXIS 562; 49 T.C.M. (CCH) 765; T.C.M. (RIA) 85070; February 19, 1985. Daniel A. Shulman, pro se. Michael B. Axman and Charles E. Williams, for the respondent. DAWSON MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1] OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case *563 is before the Court on respondent's Motion for Summary Judgment, filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure, [2] on December 21, 1984. Respondent, in his notice of deficiency issued to petitioner on January 10, 1983, determined deficiencies in petitioner's Federal income tax and additions to the tax for the taxable calendar years 1979 and 1980 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(b) [3]
Section 6654
1979
$6,995.00
$3,497.67
$223.85
1980
9,870.70
4,935.35
622.04
The adjustments to income as determined by respondent in his deficiency notice are as follows: 1979
1980
Unreported Income [4]
$92,597.00 $104,620.00 Cost of Goods Sold
(66,050.00)
(74,050.00)
Exemption
(1,000.00)
(1,000.00)
$25,547.00 $ 29,570.00 The procedural sequence of events resulting in this case began *564 with the issuance of the notice of deficiency on January 10, 1983. A timely petition was filed on March 31, 1983 and respondent filed his answer thereto on May 27, 1983. At paragraphs 6.(a) through (i) of his answer respondent affirmatively pleaded as to the income tax deficiencies and all of the additions to the tax. Since petitioner filed no reply, respondent, on August 11, 1983, filed a Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted. [5] On August 12, 1983 the Court served on petitioner, at his place of incarceration, a notice calendaring respondent's motion for hearing at Washington, D.C. on September 14, 1983. That notice was returned to the Court with a notation on the envelope "Moved - Not Forwardable". [6] However, the Court was able to ascertain another address for petitioner and the notice, together with a copy of the Court's Order dated August 24, 1983, calendaring respondent's motion for hearing at Washington, D.C. on October 5, 1983, were served on petitioner on August 24, 1983. That mailing was never returned to the Court. When the case was called on October 5, 1983, no appearance was made by or on behalf of petitioner *565 and no reply to respondent's answer had been filed. After the hearing, the Court by Order dated October 5, 1983, a copy of which was served on the parties on October 7, 1983, granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations of fact contained in paragraphs 6.(a) through (i) of respondent's answer. On promulgation of our Order the pleadings herein were closed. See Rules 34, 36, 37, 38, and 121. On December 21, 1984, respondent filed his motion herein under consideration. A copy thereof together with a copy of the Court's Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on January 23, 1985, were served on petitioner by the Court on December 28, 1984. Petitioner filed no response to respondent's motion nor did he appear at the hearing on January 23, 1985. The following findings of fact are based *566 on the record as a whole, allegations of respondent's answer admitting allegations in the petition and those facts in respondent's answer deemed admitted by our October 5, 1983 Order. FINDINGS OF FACT Petitioner resided at the Federal Correctional Institution at Lexington, Kentucky on the date he filed his petition. He filed no 1979 or 1980 Federal income tax returns with the Internal Revenue Service. During 1979 and 1980 petitioner was engaged in the illegal sale of narcotics. In 1980 he was arrested and indicted for conspiring to distribute, and knowingly distributing cocaine. On September 19, 1980, after a verdict of guilty had been reached, a judgment was entered in United States of America v. Daniel Shulman, (District of New Jersey - Docket No. Cr. 80-143-01) in which petitioner was found guilty of conspiracy to distribute and the knowing distribution of cocaine. Petitioner received taxable income in 1979 and 1980 in the amounts of $25,547.00 and $29,570.00, respectively, consisting of items and amounts as follows: 1979
1980
Gross Receipts from Sales
$76,297.00
$104,620.00
Other Income (Unexplained cash)
16,300.00
$92,597.00
$104,620.00
Cost of Goods Sold
$66,050.00
$ 74,050.00
Gross Income
26,547.00
30,570.00
Adjusted Gross Income
26,547.00
30,570.00
Personal Exemption
1,000.00
1,000.00
Taxable Income
$25,547.00
$ 29,570.00
*567 The income tax due and payable by petitioner for 1979 and 1980 is $6,995.00 and $9,870.70, respectively. Petitioner failed to file Federal income tax returns for those years and failed to pay any portion of the income tax liabilities due from him for said years. Petitioner's failure to file income tax returns and to report his correct taxable income for 1979 and 1980 was due to fraud with intent to evade tax. His failure to pay his income tax liabilities for those years was due to fraud with intent to evade tax. A part of the underpayment of tax which petitioner was required to show on an income tax return for 1979 and 1980 was due to fraud with intent to evade tax. OPINION Through respondent's affirmative allegations of fact which have been deemed admitted it is crystal clear that petitioner understated his income tax liabilities for 1979 and 1980 in the respective amounts of $6,995.00 and $9,870.70 (the precise determinations made by respondent in his deficiency notice). It is equally clear that respondent's determinations under section 6654 are correct. Therefore, we see no need to comment further herein respecting any of the foregoing determinations. [7] *568 Finally, we turn our consideration to the additions to the tax under section 6653(b). The burden of proof with respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that an underpayment exists and that some part of such underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Imburgia v. Commissioner,22 T.C. 1002 (1954).That burden can be satisfied by respondent through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260 (1974). [8] Here material factual allegations in the answer with respect to fraud with intent to evade tax have been deemed to be admitted by our order of October 5, 1983. In our view, those findings of fact clearly and convincingly establish fraud with intent to evade tax and we sustain respondent's determinations under section 6653(b). *569 Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". In addition to those facts deemed admitted by our order of October 5, 1983 this record contains a complete copy of the notice of deficiency, the petition and the answer and a copy of the U.S. District Court judgment. Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted in every respect. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. It was determined that this income was received from the sale of narcotics.↩
5. Respondent served a copy of his motion on petitioner at his place of incarceration in Lexington, Kentucky on August 8, 1983. ↩
6. Petitioner has never notified the Court of a change of address as required by the Court's Rules of Practice and Procedure. See Rule 21(b)(4).↩
7. See Rule 37(c).↩
8. See also, Wadsworth v. Commissioner,T.C. Memo. 1983-438; Poe v. Commissioner,T.C. Memo. 1983-149; Hahn v. Commissioner,T.C. Memo. 1982-717; Coastal Shipping Co. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo. 1981-381; Nielson v. Commissioner,T.C. Memo. 1980-453↩.