ROBERT JACKSON, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket No. 442-85.
United States Tax Court
T.C. Memo 1986-15; 1986 Tax Ct. Memo LEXIS 594; 51 T.C.M. (CCH) 268; T.C.M. (RIA) 86015; January 13, 1986. *594 Held, allegations deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure, are sufficient to sustain an income tax deficiency and an addition to the tax under sec. 6654, I.R.C. 1954, and R's motion for summary judgment on those issues is granted. Held further, allegations deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure, are sufficient to satisfy R's burden of proving fraud, and R's motion for summary judgment on that issue is granted. Doncaster v. Commissioner,77 T.C. 334 (1981), followed. Robert Jackson, pro se. Thaddeus G. Wozny and Will E. McLeod, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of hearing, consideration, and ruling on respondent's Motion for Summary Judgment filed herein. [1] After a review of the record, we agree with and adopt his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before *595 the Court on respondent's Motion for Summary Judgment filed on October 21, 1985, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on October 29, 1984, determined a deficiency in petitioner's Federal income tax and additions to the tax for the taxable calendar year 1981 in the following respective amounts: [3] Additions to Tax, I.R.C. 1954 Year
Income Tax
Section 6653(b)
Section 6654
1981
$9,656.00
$4,828.00
$739.00
The adjustments to income determined by respondent in computing the deficiency are as follows: Wages
$29,183.00 Standard Deduction/Zero Bracket
[4] Amount not allowed 1,700.00 Exemption
(1,000.00)
$29,883.00 Petitioner resided at 738 Hemlock Street, Brooklyn, New York on the date his petition *596 was filed. He filed no 1981 Federal income tax return with the Internal Revenue Service. The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency on October 29, 1984. A timely petitioner was filed with this Court on January 7, 1985. See section 6213. Respondent filed his answer on March 8, 1985, wherein at paragraph 8.a. through i., he affirmatively pleaded as to petitioner's wage income, the addition to the tax under section 6654, and the addition to the tax under section 6653(b). When no reply was filed respondent, on May 23, 1985, filed a motion for entry of order that undenied allegations in answer be deemed admitted. [5] On May 28, 1985, the Court served on petitioner a notice of filing of motion for order under Rule 37 wherein petitioner was given until June 17, 1985, in which to file a reply to respondent's answer. When no reply was filed, the Court, by order dated June 27, 1985, a copy of which was served on the parties by the Court on the following day, granted respondent's motion and deemed admitted for purposes of this case the affirmative allegations of fact set forth in paragraph 8.a. through i. of respondent's answer.On *597 promulgation of our order the pleadings herein were closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 37, 38 and 121. Respondent, on October 21, 1985, filed the motion we now consider together with a Memorandum of Law and an affidavit.Copies of those documents together with a copy of a Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on December 4, 1985, were served on petitioner by the Court by certified mail on November 4, 1985. Those documents were returned to the Court when petitioner failed to claim them despite twice being notified by the U.S. Postal Service to pick them up. [6] *598 As a consequence, when the case was called on December 4, 1985, petitioner did not appear nor did he file a response to respondent's motion. Counsel for respondent appeared and presented argument, at the conclusion of which we took respondent's motion under advisement. The following findings of fact are based on the record as a whole, allegations in respondent's answer admitting allegations in the petition, and those facts in respondent's answer deemed admitted by our June 27, 1985 order. FINDINGS OF FACT During 1981 petitioner was employed by the New York City Transit Authority (Transit Authority). For services performed for the Transit Authority he earned wages in the aggregate amount of $29,183.21. Those wages were paid to petitioner in his individual capacity and not as an agent of any church or religious organization. They were paid by the Transit Authority to petitioner by checks made directly payable to petitioner with no restrictions on the use of said checks. Petitioner purports to have been a minister of the Life Science Church during 1981 *599 and he asserts that by reason of his alleged vow of poverty, his secular wages are exempt from taxation. [7] The services which petitioner performed for the Transit Authority did not include any religious duties. Petitioner fraudulently and with intent to evade tax filed a false Form W-4 with his employer claiming 50 exemptions for the purpose of avoiding withholding of Federal income tax from his wages. He fraudulently and with *600 intent to evade tax filed no Form 1040, or any other form purporting to be a return for the taxable year 1981, and he paid no Federal income tax for said taxable year. Petitioner fraudulently and with intent to evade tax failed to report taxable income in the amount of $29,183 for 1981 and he failed to pay an income tax liability for said year in the amount of $9,656. A part of the underpayment of tax for 1981 is due to fraud with intent to evade tax. OPINION Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Material factual allegations in the answer respecting respondent's *601 income tax deficiency determination and the addition to the tax under section 6654 have been deemed admitted by our order of June 27, 1985. On the basis thereof we conclude there are no genuine issues of material fact with respect thereto and respondent is entitled to a judgment respecting those determinations as a matter of law. Next, we turn our consideration to the addition to the tax under section 6653(b). The burden of proof with respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that an underpayment exists and that some part of such underpayment of tax was due to fraud with an intent to evade tax, section 7454(a); Rule 142(b); Stratton v. Commissioner,54 T.C. 255 (1970); Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981) (a Court reviewed opinion); Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260 (1974). [8] Here, material factual allegations in the answer with respect to fraud with intent to evade tax *602 have been deemed to be admitted by our order of June 27, 1985. In our view, those findings of fact clearly and convincingly establish that in the taxable year 1981 an underpayment of tax exists and a part of the underpayment is due to fraud with an intent to evade tax. In addition to those facts deemed admitted by our order of June 27, 1985 this record contains a complete copy of the notice of deficiency, the petition, the answer and respondent's affidavit. Respondent has amply demonstrated to our satisfaction that there is no genuine issue as *603 to any material fact present in this record, and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted in every respect. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(d)(4), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8, 81 T.C. XXV (1983).
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. This determination was made on the basis of petitioner's filing status as "married filing separately" since his spouse filed a separate return for 1981 itemizing deductions and petitioner filed no 1981 return claiming itemized deductions under sec. 3(a)(4). See also, sec. 63(e).↩
5. Respondent served a copy of his motion on petitioner at the address provided in the petition on May 22, 1985.↩
6. In our view, petitioner's failure to receive these documents is due solely to his refusal to pick them up. The address we used on that mailing is the same as petitioner reported on his petition and appearing on the Court's docket sheet appertaining to this case. The Court's records further reflect that petitioner has received all other papers filed in this case which were served at that address. Moreover, if petitioner has changed his address he has not so notified the Court as required by our Rules of Practice. See Rule 21(b)(4).
7. Such assertions have been consistently rejected by the courts. See, for example, McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983); Long v. Commissioner,T.C. Memo. 1985-371, appeal dismissed (2d Cir. 1985) (we observe that venue on appeal of this case liesn in the United States Court of Appeals for the Second Circuit); Ford v. Commissioner,T.C. Memo. 1984-501, on appeal (2d Cir., Apr. 4, 1985); Brennan v. Commissioner,T.C. Memo. 1984-500, affd. 774 F.2d 570 (2d Cir. 1985); Wert v. Commissioner,T.C. Memo. 1984-499, affd. 774 F.2d 570 (2d Cir. 1985); Young v. Commissioner,T.C. Memo. 1981-109, affd. without published opinion 673 F.2d 1334 (7th Cir. 1981); Lynch v. Commissioner,T.C. Memo. 1980-464↩.
8. See also Keeton v. Commissioner,T.C. Memo. 1985-599; Behrman v. Commissioner,T.C. Memo. 1985-99, D'Angelico v. Commissioner,T.C. Memo. 1985-75; Estate of Hopkins v. Commissioner,T.C. Memo. 1985-75; Shulman v. Commissioner,T.C. Memo. 1985-70; Buiatti v. Commissioner,T.C. Memo. 1984-523; Wadsworth v. Commissioner,T.C. Memo. 1983-438; Poe v. Commissioner,T.C. Memo. 1983-149; Hahn v. Commissioner,T.C. Memo. 1982-717; Coastal Shipping Co. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo. 1981-381; Nielson v. Commissioner,T.C. Memo. 1980-453. See and compare Marshall v. Commissioner,85 T.C. 267, 272-273↩ (1985).