HERBERT BREGER AND BARBARA BREGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Breger v. Commissioner
Docket No. 18938-82.
United States Tax Court
T.C. Memo 1983-464; 1983 Tax Ct. Memo LEXIS 321; 46 T.C.M. (CCH) 983; T.C.M. (RIA) 83464; August 10, 1983. *321 Richard Duncan, for the Respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for the purpose of conducting the hearing and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment [2] filed on April 14, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[3]
*322 Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Liability of
Addition to Tax
Barbara Breger
Year
Tax
IRC Sec. 6653(b) [4]
Limited to Tax
1972
$14,682.56
$7,341.28
$14,682.56
1973
21,368.36
10,684.18
21,368.36
1974
1,404.35
702.18
1,404.35
The issues for decision are (1) whether petitioners understated their taxable income for the years 1972, 1973, and 1974 and, if so (2) whether said understatement was fraudulent with the intent to evade tax. In his statutory notice of deficiency to petitioners dated April 28, 1982, respondent determined that there were deficiencies in petitioners' Federal income taxes for the years 1972 through 1974 in the total amount of $37,455.27 and that additions to tax pursuant to section 6653(b) were due for those years from petitioner Herbert Breger in the total amount of $18,727.64. The adjustments to petitioners' income as set forth in respondent's deficiency notice are as follows: 1972
1973
1974
a. Gross Receipts
from Business
$44,262.15 $56,849.55 $8,250.45 b. Purchase of
Merchandise
(3,390.30)
(3,093.50)
c. Business
Expenses
(1,000.00)
(1,000.00)
(1,000.00)
d. Commission
Income
(2,900.00)
(1,200.00)
(1,200.00)
e. Other Income
4,955.00 3,953.33 d. Medical and
Dental Expenses
102.72 661.15 181.51 *323 In paragraph 4 of their petition filed on July 26, 1982, petitioners alleged as follows: 4. The determination of tax as set forth in the said notice of deficiency is based upon the following errors: (a) The Commissioner erroneously determined that gross receipts were received (allegedly from sales of records and tapes) in the amounts of $44,262.15 for 1972, $56,849.55 for 1973 and $8,250.45 for 1974 and increased taxable income accordingly when in fact these amounts were never actually or constructively received as gross or taxable income. (b) The Commissioner determined that the taxpayers were entitled to deductions for purchases in the amounts of $3,930.30 and $3,093.50 for the taxable years 1972 and 1973 based upon the aforementioned erroneous determination. (c) The Commissioner determined that the taxpayers were entitled to other business deductions of $1,000 for each of the years 1972, 1973 and 1974 based on the aforementioned erroneous determination. (d) The Commissioner, based upon the aforementioned erroneous determination allowed credits of $2,900 for 1972, $1,200 in each of the years 1973 and 1974 for commissions reported in those respective years.
(e) The Commissioner *324 erroneously determined that $4,955 in 1972 and $3,953.33 in 1973 received as insurance proceeds, exceeded costs incurred in replacing or repairing the damaged property and included these amounts in income for these respective years. (f) Statutory adjustment based on the aforementioned erroneous determination. (g) The Commissioner has erroneously added a penalty to the deficiencies with regard to HERBERT BREGER in the amounts of $7,341.28 for 1972, $10,684.18 for 1973 and $702.18 for 1974. No grounds or reasons are stated by the Commissioner for the assertion of these penalties In his answer filed September 27, 1982, respondent denied that he erred as alleged in subparagraphs (a) through (g) of paragraph 4 of the petition and affirmatively pleaded as follows: 7. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayments of tax required to be shown on petitioners' tax returns for the taxable years 1972 through 1974 is due to fraud on the part of petitioner Herbert Breger, the respondent alleges: (a) During the taxable years 1972 through 1974 petitioner conducted a business, separate from his employment at the New York Camera Exchange, *325 in which he sold records and tapes at prices below wholesale prices to various record and music companies. (b) During the taxable years 1972, 1973 and 1974, petitioner Herbert Breger sold records and tapes to the following companies and received the following amounts which were collected personally by him in either check or cash form. 1972
1973
1974
Double B Records
and Tapes, Inc.
$33,652.30
$45,697.20
$8,250.45
Arovox Record
Corp.
1,828.00
4,347.50
Empire Music Enterprises,
Inc.
8,281.85
6,804.85
Sutton Record Co.
500.00
(c) During the taxable year 1972 petitioner Herbert Breger contacted the record and music companies referred to in subparagraph (b) above and offered to sell records and tapes to them for prices below wholesale prices. (d) During the taxable years 1972 through 1974 petitioner Herbert Breger issued purchase invoices in his own name for the merchandise sold to the above named companies in the amounts stated in subparagraph (b) above. (e) During the taxable years 1972 through 1974, petitioner Herbert Breger purchased records and tapes from Sal-Dan Company and Empire Music Enterprises, Inc. (f) During the taxable *326 years 1972 through 1974, petitioner Herbert Breger represented to the companies referred to above that he was an independent party and not a commission salesman for any other party. (g) During the taxable years 1972 through 1974, petitioner Herbert Breger did not file with his federal income tax returns for those years the required Forms Schedule C reflecting his income from the sales referred to in subparagraph (b) above. (h) During the taxable year 1972 petitioners received taxable income in the amount of $4,995.00 from GEICO for a false insurance claim for water damage. (i) During the taxable year 1973 petitioners received taxable income in the amount of $3,953.33 from GEICO for a false insurance claim for fire damage. (j) Petitioners did not report on their federal income tax returns for the taxable years 1972 through 1974 any of the income referred to in subparagraphs (b), (h) and (i) above. (k) During the taxable years 1972 through 1974, petitioner Herbert Breger failed to maintain or to submit for examination by the respondent complete and accurate books of account and records of his income producing activities as required by the applicable provisions of the Internal *327 Revenue Code and the regulations promulgated thereunder. (l) During the taxable years 1972 through 1974 petitioner Herbert Breger failed to inform his accountant who prepared the petitioners' federal income tax returns for those years of his income producing activities of selling records and tapes. (m) The amount of petitioners' correct taxable income, the amounts reported on their income tax returns, the amounts properly deductible and the understatements of taxable income for the taxable years 1972 through 1975 are as follows: 1972
1973
1974
Gross receipts from
$44,262.15
$56,849.55
$8,250.45
sales of records
and tapes
Less: 1. purchase of
merchandise
3,390.30
3,093.50
2. business
expenses
1,000.00
1,000.00
1,000.00
3. commission
income reported
2,900.00
1,200.00
1,200.00
Net Receipts
$36,971.85
$51,556.05
$6,050.45
Income from false
insurance claims
4,955.00
3,953.33
Statutory medical
adjustment
102.72
661.15
181.51
Taxable income reported
on returns
4,734.74
3,091.15
3,464.15
Correct Taxable Income
$46,764.31
$59,262.24
$9,696.11
Understated taxable
income
42,029.57
56,170.53
6,231.96
(n) Petitioners' *328 correct income tax liabilities, the tax liabilities reported on their income tax returns and the understatements of tax liabilities for the taxable years 1972 through 1974 are as follows: 1972
1973
1974
Correct income tax
liabilities
$15,442.16
$21,833.95
$1,933.26
Reported tax
liabilities
759.60
465.59
528.91
Understatements of
tax liabilities
14,682.56
$21,368.36
$1,404.35
(o) Petitioner Herbert Breger's failure to maintain complete and accurate records of his income producing activities and his failure to produce complete and accurate records to the respondent in connection with the examination of his income tax returns for the taxable years 1972 through 1974 was fraudulent with intent to evade tax. (p) Petitioner Herbert Breger's failure to inform his income tax preparer of his tape and record sales business activities and the income derived from such activities during the taxable years 1972 through 1975 was fraudulent with intent to evade tax. (q) Petitioner Herbert Breger fraudulently, and with intent to evade tax, omitted from his federal income tax returns for the taxable years 1972, 1973 and 1974 income in the amounts of $46,317.15, *329 $56,602.88 and $7,050.45, respectively. Because petitioners filed no reply to respondent's Answer, respondent, on November 22, 1982, filed a Motion for Entry of Order That Undenied Allegations in Answer Be Admitted. [5] Respondent served a copy of his motion on counsel for the petitioners on November 18, 1982. On November 29, 1982, this Court served a Notice of Filing of Motion for Order under Rule 37 on counsel for the parties and notified them in that notice that the motion was calendared for hearing by the Court at Washington, D.C., on January 5, 1983. When the case was called from the calendar on January 5, 1983, there was no appearance by or on behalf of the petitioners and no reply to the answer had been filed. After hearing, the Court, by Order dated January 5, 1983, granted respondent's motion and the undenied affirmative allegations of fact contained in paragraphs 7(a) through (q) and 8(a) through (1) of respondent's answer were deemed admitted. Upon *330 the issuance of our order, the pleadings in this case were closed. See Rule 38. On April 14, 1983, respondent filed a motion for summary judgment and a supporting affidavit. Copies of those documents and the Court's Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C., on June 1, 1983, were served by this Court on April 19, 1983. When the case was called on June 1, 1983, there was no appearance by or on behalf of the petitioners.Counsel for respondent appeared and presented argument and the Court took the motion under advisement. Respondent, with respect to the fraud issue, bears the burden of proof and must establish by clear and convincing evidence that some part of the underpayment for each year was due to fraud. See 7454(a); Rule 142(b); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. That burden can be carried by respondent through undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); Gilday v. Commissioner,62 T.C. 260 (1974). In this case, the factual allegations in the answer pertaining to the correct *331 amounts of tax due for each year and the fact that the underpayment of tax due in each year was fraudulent with the intent to evade tax have been deemed to be admitted by our order of January 5, 1983. We find that there is no genuine issue of material fact, that the amount of tax due and the fact of fraud for the years in issue have been deemed to have been admitted, and that respondent is entitled to prevail on his motion. An appropriate order and decision will be entered.
Footnotes
1. The parties were afforded the opportunity to appear and argue their positions at the hearing at Washington, D.C., on June 1, 1983. Petitioners did not appear nor did they file a response to respondent's motion although a copy of the motion and a copy of respondent's affidavit, together with a copy of the Court's Notice of Hearing were served on Them by the Court on April 19, 1983.↩
2. Respondent's written motion filed April 14, 1983, was captioned Motion for Partial Summary Judgment. At the hearing on his motion, respondent orally moved the Court to change the caption of his motion to Motion for Summary Judgment and the motion was granted. ↩
3. All rule references are to the Tax Court Rules of Practice and Procedure.↩
4. All section references are to the Internal Revenue Code of 1954, as amended.↩
5. Petitioners have been represented by counsel admitted to practice before this Court beginning with the filing of the petition. The record shows that he has done nothing in the case since the petition was filed.↩