NICHOLAS D'ANGELICO AND MARY D'ANGELICO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
D'Angelico v. Commissioner
Docket No. 27891-83.
United States Tax Court
T.C. Memo 1985-78; 1985 Tax Ct. Memo LEXIS 556; 49 T.C.M. (CCH) 791; T.C.M. (RIA) 85078; February 21, 1985. *557 Larry Jay Kushner, for the petitioners. Gerald A. Thorpe and Charles E. Williams, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of hearing, considering and ruling on respondent's Motion for Judgment on the Pleadings filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings, filed pursuant to Rule 120, Tax Court Rules of Practice and Procedure, [2] on September 25, 1984. Respondent, in his notice of deficiency issued to petitioners on June 28, 1983, determined deficiencies in petitioners' Federal income tax and additions to the tax for the taxable calendar years 1972 through 1976 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(b) [3]
1972
$10,202.99
$5,101.50
1973
5,713.45
2,856.73
1974
8,371.08
4,185.54
1975
8,472.06
4,236.03
1976
27,623.15
13,811.58
*558 The adjustments to income as determined by respondent in his deficiency notice are as follows: [4]
1972
1973
1974
1975
1976
Additional
Income
$29,364.90
$17,389.91
$24,875.25
$28,850.38
$68,345.18
Medical
and Dental
Expenses
562.24
274.37
545.00
2,050.00
Exemptions
750.00
$29,364.90
$17,952.15
$25,149.62
$29,395.38
$71,145.18
The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency on June 28, 1983. A petition was timely mailed and, thus, timely filed on September 27, 1983. [5] Respondent filed his answer on November 29, 1983 wherein at paragraphs 7.(a)-(ah), 8.(a)-(j) and 9.(a) he affirmatively pleaded respecting the determined income tax deficiencies, additions to the tax and the statute of limitations, *559 which had been raised in the petition with regard to the taxable years 1972 to 1975. [6]
When no reply was filed respondent, on February 21, 1984, filed a motion for entry of order that undenied allegations in answer be deemed admitted, a copy of which he served on petitioners' counsel on February 16, 1984. On February 24, 1984 the Court served on petitioners' counsel a Notice directing that a reply be filed on or before March 15, 1984. No reply was filed and on March 22, 1984 the Court issued an order, a copy of which was served on counsel for the parties on the following day, which recited in part-- * * * It is further ORDERED that the affirmative allegations of fact set forth in paragraphs 7(a) through 7(ah), 8(a) through *560 8(j) and 9(a) of respondent's answer are deemed to be admitted for purposes of this case. On promulgation of our March 22 order the pleadings herein were closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 37, 38 and 120. On September 25, 1984, respondent filed his motion herein under consideration. [7] On October 2, 1984 the Court served on counsel a notice calendaring respondent's motion for hearing at Washington, D.C. on November 7, 1984. When the case was called on November 7, 1984 no appearance was made by or on behalf of petitioners and no response to respondent's motion was filed. The following findings of fact are based on the record as a whole, allegations of respondent's answer admitting allegations in the petition and those facts in respondent's answer deemed admitted by our March 22, 1984 order. FINDINGS OF FACT Petitioners resided at Route 82, Hopewell Junction, New York on the date their petition was filed. They filed joint Federal income tax returns with the Internal *561 Revenue Service for the years at bar. From January 1, 1972 through August 18, 1975 Nicholas D'Angelico (hereinafter called Nicholas) operated a sole proprietorship known as Royal Auto Parts ("Royal"). The primary business activity of Royal was the sale of automobile parts. On or about August 18, 1975 Royal was incorporated under the name of Dan Zag Royal Auto Parts, Inc. ("Dan Zag") with Mary D'Angelico (hereinafter referred to as Mary) becoming president and sole shareholder. During the years at issue Nicholas controlled the business affairs of Royal and Dan Zag while Mary maintained the books and records of those businesses under the supervision of Nicholas. During the period from January 1, 1972 through August 18, 1975 petitioners failed to report a substantial portion of their business receipts from Royal which they diverted for their own personal use. From August 18, 1975 through December 31, 1976 petitioners failed to record on the corporate books a substantial portion of the business receipts of Dan Zag which they diverted for their own personal use. Prior to August 18, 1975, petitioners did not maintain any formal books and records pertaining to the business affairs *562 of Royal. Petitioners, on or about August 18, 1975, retained Irving Jankowitz ("Jankowitz") as their accountant and he established a formal bookkeeping system for Dan Zag. Petitioners prepared their own Federal income tax returns for 1972, 1973 and 1974. Jankowitz prepared their 1975 and 1976 returns based on information supplied by petitioners. Petitioners failed to maintain, or submit for examination by respondent, complete and adequate books and records pertaining to their income producing activities for each of the years 1972 through 1976, as required by the Internal Revenue Code of 1954 and the regulations promulgated thereunder. They wholly failed to provide respondent with any of their personal financial records for the period being considered herein. During the period in dispute petitioners acquired assets with funds that greatly exceeded the total amount of income reflected on their Federal income tax returns. Petitioners received interest income, rental income and income from the sale of old batteries which they did not report on their Federal income tax returns. The net worth of petitioners during the taxable years 1972 through 1976 increased by $36,486.95, *563 $24,501.40, $29,679.12, $10,537.22 and $62,147.82, respectively. Petitioners fraudulently and with intent to evade taxes, understated their taxable income for the taxable years 1972 through 1976 in the respective amounts of 29,364.90, $17,389.91, $24,875.25, $28,850.38 and $68,345.18. Petitioners had no nontaxable sources of funds or excludable receipts requiring adjustments to their correct taxable income, which is set forth in the immediately preceding paragraph. Petitioners fraudulently and with an intent to evade taxes understated their income tax liability on their joint returns for the years 1972 through 1976 as follows: 1972
1973
1974
1975
1976
Correct Tax
Liability
$12,856.92
$9,037.66
$11,548.53
$8,684.06
$27,623.15
Tax Liability
Reported on
Return
2,653.93
3,324.21
3,177.45
212.00
Understatement
of Tax
Liability
$10,202.99
$5,713.45
$ 8,371.08
$8,472.06
$27,623.15
A part of the underpayment of tax required to be shown on petitioners' joint returns for each of the taxable years 1972, 1973, 1974, 1975 and 1976 is due to fraud with intent to evade tax. Nicholas and Mary were defendants in the criminal case of *564 United States of America v. Nicholas D'Angelico and Mary R. D'Angelico, (U.S. District Court, Southern District of New York). On March 26, 1981, petitioners waived indictment and an information was filed by the United States Attorney for the Southern District of New York asserting, among other things, the following charge: EVASION OF PERSONAL INCOME TAX ON 1976 RETURN
The United States Attorney charges: On or about the 15th day of April, 1977, in the Southern District of New York, the defendants NICHOLAS D'ANGELICO and MARY RITA D'ANGELICO, being husband and wife in the calendar year 1976, and filing joint income tax returns, unlawfully, knowingly and willfully did attempt to evade and defeat a large part of the income tax due and owing by themselves to the United States of America for the calendar year 1976, by causing to be prepared and by filing and causing to be filed a false and fraudulent income tax return on their behalf, wherein it was reported on lines 47 and 22 of the Internal Revenue Service Form 1040, Individual Income Tax Return for 1976, that there was no joint taxable income for the calendar year 1976, and that there was no income tax due, whereas, *565 as the defendants then and there well knew, their joint taxable income for the said calendar year was approximately $45,700.13, upon which said joint taxable income there was due and owing to the United States of America an income tax of approximately $12,776.38. (Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.) Petitioners, on March 26, 1981, entered pleas of guilty to the above charge and, on May 22, 1981, the United States District Court entered its judgment pursuant to petitioners' pleas, finding that petitioners willfully attempted to evade or defeat the tax they owed for the taxable year 1976. The income taxes due from petitioners for the taxable year 1972 through 1975 may be assessed, or a proceeding in court for the collection of such taxes may be begun without assessment, at any time under the provisions of section 6501(c)(1), since petitioners filed false or fraudulent income tax returns for those years with intent to evade tax. OPINION Through respondent's affirmative allegations of fact which are deemed admitted it is crystal clear that petitioners understated their income tax liabilities *566 for the taxable years 1972, 1973, 1974, 1975 and 1976 in the respective amounts of $10,202.99, $5,713.45, $8,371.08, $8,472.06 and $27,623.15 (the precise determinations made by respondent in his deficiency notice). We see no need, therefore, to further encumber this opinion with additional comment respecting the income tax deficiencies. Next, we turn our consideration to the additions to the tax under section 6653(b). The burden of proof with respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that an underpayment exists and that some part of such underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980); Gilday v Commissioner,62 T.C. 260 (1974). [8] Here material factual allegations in the answer with respect to fraud with *567 intent to evade tax have been deemed to be admitted by our order of March 22, 1984. In our view, those findings of fact (many of which we have recited in our findings of fact) clearly and convincingly establish fraud with intent to evade tax and we sustain respondent's determinations under section 6653(b). [9]
*568 On this record, respondent has demonstrated to our satisfaction that the pleadings do not raise a genuine issue of material fact, but rather involve only issues of law. See Rule 120. Accordingly, for the reasons heretofore expressed herein, his motion will be granted in every respect. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. In the absence of adequate records, respondent determined petitioners' Federal income tax for the years at bar on the net worth method of reconstruction of income, with adjustments for any non-taxable items of income and for personal and other nondeductible amounts.↩
5. See secs. 6213 and 7502. We observe that petitioners have been represented by counsel admitted to practice before this Court commencing with the filing of the petition. Albeit he has been served with copies of all pleadings, motions, notices and orders of this Court he has not filed a single paper in this case since the petition was filed. ↩
6. See Rule 39. Respondent served a copy of his answer on petitioners' counsel on November 28, 1983.↩
7. Respondent served a copy of his motion, together with an attached Memorandum Brief on petitioners' counsel on September 21, 1984.↩
8. See also, Buiatti v. Commissioner,T.C. Memo. 1984-523; Wadsworth v. Commissioner,T.C. Memo. 1983-438; Poe v. Commissioner,T.C. Memo. 1983-149; Hahn v. Commissioner,T.C. Memo. 1982-717; Coastal Shipping Co., Inc. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo. 1981-381; Nielson v. Commissioner,T.C. Memo. 1980-453↩. 9. Respondent has submitted, as an attachment to his motion, an excellent Memorandum Brief, a copy of which was served on petitioners' counsel on September 21, 1984. It fully addresses with pertinent statutory and case citations the issues pertaining to the income tax deficiencies, the additions to the tax, including collateral estoppel as applicable to the tax year 1976 and the statute of limitations. We see no need to recall those matters herein.↩