HENRY J. KALITA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kalita v. Commissioner
Docket No. 17971-89
United States Tax Court
T.C. Memo 1990-586; 1990 Tax Ct. Memo LEXIS 661; 60 T.C.M. (CCH) 1248; T.C.M. (RIA) 90586; November 14, 1990, Filed *661 An appropriate order and decision will be entered. Jonathan Decator, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM OPINION This matter is before the Court on respondent's motion to dismiss for lack of prosecution pursuant to Rule 123(b) [1] and respondent's motion for summary judgment pursuant to Rule 121. We assume the following facts as submitted by the parties in their pleadings, memoranda, and supporting documents. During the years 1979 through 1984, petitioner was self-employed as an independent distributor of bakery products of Pepperidge Farm, Incorporated (hereinafter Pepperidge Farm), which paid petitioner sales commissions. Pepperidge Farm sent petitioner IRS Forms 1099, Statements for Recipient of Nonemployee Compensation or Miscellaneous Income, reflecting that *663 petitioner was paid the following commissions during the years 1979 through 1984. Year
Income
1979
$ 42,262.19
1980
$ 47,964.76
1981
$ 57,525.85
1982
$ 61,942.08
1983
$ 68,466.49
1984
$  7,791.51
Petitioner failed to file Federal income tax returns for the years 1979 through 1984. By statutory notice of deficiency, dated April 19, 1989, respondent determined the following deficiencies in, and additions to, petitioner Henry J. Kalita's Federal income tax. Section
Section
Year
Deficiency
6653(b)
6654
1979
$ 14,803.47
$  7,401.74
$   618.54
1980
$ 18,167.85
$  9,083.93
$ 1,159.93
1981
$ 24,148.50
$ 12,074.25
$ 1,850.38
Section
Section Section
Deficiency 6653(b)(1) and (2)
6654
6661 1982
$ 24,818.04
$ 12,409.02 plus 50%
$ 2,416.21
$ 6,205
of the interest on
$ 24,818.04
1983
$ 26,544.25
$ 13,272.13 plus 50%
$ 1,626.08
$ 6,636
of the interest on
26,544.25
1984
$  1,456.00
$   728 plus 50%
$    91.69
none
of the interest on
$ 1,456
Petitioner was residing in Wheeling, Illinois, when he timely filed the petition *664 alleging that respondent erred in determining the deficiencies in, and additions to, tax set forth in the deficiency notice. The petition, apart from its general assertion that "Substantially all of the alleged deficiencies, late payment charges, interests, and penalties are hereby placed in dispute," does not address the determinations made by respondent in the notice of deficiency. Rather, the petition contains conclusory allegations of "error" and rhetoric frequently used by tax protestors, namely, (a) that the Federal income tax system is unconstitutional; (b) that the Commissioner erred in determining that petitioner was a taxpayer who had income and a filing status that could be used to deny him his substantive rights and immunities; (c) that the IRS lacks authority to determine, investigate, or collect any tax liabilities from him; and (d) that petitioner is not a citizen of the United States, as he has rescinded all the rights, benefits, and obligations of citizenship. Respondent timely filed his answer denying petitioner's allegations of error with respect to the deficiencies in, and additions to, tax that were determined in the deficiency notice. In addition, respondent, *665 in paragraphs 20(a) through 20(t) of the answer, affirmatively alleged facts sufficient to carry respondent's burden of proving that petitioner is liable for the additions to tax for fraud for the years 1979 through 1984. Paragraphs 20(a) through 20(t) of the answer include allegations that petitioner was convicted in February 1982 of willfully failing to file Federal income tax returns for the years 1975 through 1978 in violation of section 7203; that as a condition of petitioner's probation with respect to his 1982 conviction for criminal tax evasion, petitioner was required to file all delinquent returns, to cooperate with the IRS, and to file all his tax returns in the future; that petitioner received sales commissions in each of the years 1979 through 1984 but deliberately failed to prepare or file Federal income tax returns for any of those years; that petitioner deliberately tried to frustrate the investigation efforts of the IRS agent assigned to his case for the taxable years at issue; and that petitioner made numerous claims with respect to the constitutionality of the Federal income tax system knowing that such claims are without merit. On October 12, 1989, petitioner *666 filed a document captioned "NOTICE FOR COURT TO MOVE ON ITS OWN MOTION TO DISMISS THIS CASE, BECAUSE THE IRS LACKS SUBJECT MATTER JURISDICTION AS IT WOULD APPLY TO HIS PERSON, LEAVING THIS COURT IN WANT OF SUBJECT MATTER JURISDICTION AS IT WOULD APPLY TO SAID PARTY OR MY VOLUNTARY WITHDRAWAL FORM [FROM] THE ABOVE LISTED CASE BECAUSE CONGRESS HAS PRESCRIBED NO PROCEDURE FOR NONTAXPAYERS." The Court filed the document as petitioner's motion to dismiss for lack of jurisdiction, and on October 17, 1989, denied petitioner's motion. Because petitioner never filed a reply to respondent's answer as provided by Rule 37(a), [2] *667 respondent, on December 4, 1989, filed a motion under Rule 37(c)[3] that allegations set forth in the answer in paragraphs 20(a) through 20(t) be admitted as facts. On December 5, 1989, this Court ordered petitioner to file a reply to respondent's Rule 37(c) motion by December 26, 1989. Petitioner failed to do so, and the Court, accordingly, granted respondent's motion and ordered that the undenied allegations set forth in paragraphs 20(a) through 20(t) of the answer be admitted as facts in the case. On January 18, 1990, the Court issued a notice setting this case for trial on June 18, 1990, in Room 3908, Federal Building, 230 S. Dearborn Street, Chicago, Illinois, at 10:00 a.m. Among other matters, this notice advised the parties that failure to appear at that time and/or failure to cooperate in the preparation of an agreement on all facts and documents as to which there *668 should be no disagreement might result in dismissal of the case and entry of a decision against the defaulting party. Accompanying the notice was a standing pre-trial order setting forth various pre-trial procedures which the parties were expected to follow. On April 25, 1990, respondent filed a motion for summary judgment requesting that the Court adjudicate all the issues raised in the deficiency notice in respondent's favor. The Court ordered petitioner to submit a response to respondent's summary judgment motion by June 1, 1990. On May 16, 1990, respondent sent a letter to petitioner requesting petitioner to contact respondent in order to prepare stipulations of fact for trial. Included with this letter was a copy of respondent's proposed stipulations of fact, and a copy of Rule 91. [4] On May 29, 1990, respondent served a copy of his trial memorandum on petitioner. To date, respondent has not been served with a copy of petitioner's trial memorandum, and petitioner has not contacted respondent or answered any of respondent's letters. Respondent has been unable to telephone petitioner because petitioner's home telephone number is not listed. *669 On June 4, 1990, petitioner filed a document with the Court entitled "NOTICE TO TAX COURT THAT ON SEPTEMBER 14, 1989, I VOLUNTARILY WITHDREW MY PETITION FORM [FROM] TAX COURT, BEFORE THERE WAS A JOINDER OF THIS CASE BY ACTING CHIEF COUNSEL FOR THE I.R.S., LEAVING THIS COURT IN WANT OF JURISDICTION TO HEAR SAID CASE." The Court filed this document as petitioner's "response" to respondent's motion for summary judgment. On June 6, 1990, the Court ordered that respondent's motion for summary judgment would be heard at the beginning of the trial session which was scheduled to commence at 10:00 a.m. on June 18, 1990, in Chicago. When the case was called, counsel for respondent appeared and announced he was ready to argue the summary judgment motion, and if it was denied, to proceed with the trial. However, no appearance was made by or on behalf of petitioner, and respondent filed a motion to dismiss for failure to prosecute pursuant to Rule 123(b). Petitioner has not contacted the Court or respondent with regard to respondent's motion for summary judgment, respondent's motion to dismiss for failure of petitioner properly to prosecute, or any other aspect of his case. Section 7453 *670 provides, in relevant part, that "the proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure * * * as the Tax Court may prescribe." Rule 123(b), promulgated pursuant to section 7453, provides, "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." There is no question that respondent should prevail as to the underlying deficiencies and the additions to tax imposed pursuant to sections 6654 and 6661, either on the ground that petitioner has defaulted by virtue of his nonappearance at trial, or that he has failed to carry his burden of proof. Doncaster v. Commissioner, 77 T.C. 334, 336 (1981); Gilday v. Commissioner, 62 T.C. 260 (1974); Rule 142(a). Accordingly, with respect to the tax deficiencies and additions to tax imposed pursuant to sections 6654 and 6661, issues for which petitioner has the burden of proof, we grant respondent's motion to dismiss for lack of prosecution. As to the additions *671 to tax for fraud, [5] the burden of proof is on respondent and he must carry that proof by clear and convincing evidence. See Grosshandler v. Commissioner, 75 T.C. 1, 19 (1980); Rule 142(b). In this case, respondent relies on petitioner's failure to reply to the answer and the Court's subsequent order admitting the affirmative allegations of fraud in the answer as facts sufficient to carry respondent's burden of proof as to fraud. In his answer, respondent affirmatively pleaded fraud and included facts to support a finding of fraud. Respondent did this by means of the allegations set forth in paragraphs 20(a) through 20(t) of his answer. The Court subsequently admitted the allegations of fraud as "facts" in this case when it granted respondent's Rule 37(c) motion. The foregoing procedure has the obvious *672 purpose of permitting the issues to be narrowed for trial, thus conserving the time and efforts of both the parties and the Court. Doncaster v. Commissioner, 77 T.C. at 337.Respondent's allegations of petitioner's fraudulent intent were "specified allegations" within the meaning of Rule 37(c) and, in our judgment, their deemed admission more than satisfies respondent's burden of proving fraud. Doncaster v. Commissioner, 77 T.C. at 337; Marcus v. Commissioner, 70 T.C. 562, 577 (1978), affd. in an unpublished order 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner, 62 T.C. at 262.Thus, we find that there are no genuine issues of material fact with respect to the additions to tax for fraud as determined by respondent in the deficiency notice and, accordingly, grant respondent's motion for summary judgment with respect to that remaining issue. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue.↩
2. Rule 37(a) of the Tax Court's Rules of Practice and Procedure provides in pertinent part: (a) Time to Reply or Move: The petitioner shall have 45 days from the date of service of the answer within which to file a reply, or 30 days from that date within which to move with respect to the answer. * * *↩
3. Rule 37(c) of the Tax Court's Rules of Practice and Procedure provides in pertinent part: (c) Effect of Reply or Failure Thereof: Where a reply is filed, every affirmative allegation set out in the answer and not expressly admitted or denied in the reply shall be deemed to be admitted. Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, files a motion that specified allegations in the answer be deemed admitted.↩ That motion will be served on the petitioner and may be granted unless the required reply is filed within the time directed by the Court. [Emphasis added.]
4. Rule 91 provides in pertinent part: (a) Stipulations Required: (1) General↩: The parties are required to stipulate to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact. * * * Where the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate. * * *
5. Respondent determined additions to tax for fraud pursuant to section 6653(b) for the years 1979 through 1981, and pursuant to section 6653(b(l) and (2) for the years 1982 through 1984.↩