T.C. Memo. 2015-18

UNITED STATES TAX COURT

YVONNE K. YOUNG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15604-13.                    Filed February 2, 2015.

Yvonne K. Young, pro se.

<u>Sylvia L. Shaughnessy</u> and <u>Erin Kathleen Salel</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment under Rule 121.[1]

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the years in issue.

**[*2]**  In a notice of deficiency, respondent determined that petitioner underreported her business and retirement income and overstated deductions and her income tax withholding, resulting in deficiencies of income tax of $2,732, $2,941, and $24,584 for 2008, 2009, and 2010 (years in issue), respectively. Respondent also determined that petitioner grossly overstated the amount of income tax withheld, resulting in underpayments for the years in issue of $62,957, $86,917, and $24,584, respectively. Finally, the notice determined that petitioner is liable for section 6663 fraud penalties of $47,217.75, $65,187.75, and $18,438, respectively, for the years in issue. The issues for our consideration are: (1) whether petitioner underreported her income and overstated the amounts of income tax withheld for the years in issue, and (2) whether she is liable for the section 6663 fraud penalties for those years.

## Background

On April 3, 2013, respondent sent petitioner a notice of deficiency for the years in issue. Petitioner timely filed a petition with this Court on July 8, 2013, requesting redetermination of the deficiencies and fraud penalties. Petitioner resided in California when her petition was filed.

On September 13, 2013, respondent filed an answer to the petition which contained 79 affirmative allegations of fact in support of respondent's

**[*3]** determinations of the deficiencies and the imposition of the fraud penalties. Petitioner did not file a reply to respondent's answer.

On November 13, 2013, pursuant to Rule 37(c), respondent moved for an order that the undenied allegations in the answer be deemed admitted by petitioner. The Court ordered petitioner to file a reply on or before December 11, 2013, but she never did so.[2] Accordingly, on February 24, 2014, the Court granted respondent's Rule 37(c) motion and deemed admitted the allegations set forth in paragraph 8(a) through (aaaa) of respondent's answer.

On June 27, 2014, respondent filed a motion for summary judgment and a supporting memorandum asserting that the case can be decided in respondent's favor because no genuine issues of material fact are in dispute. By order dated June 30, 2014, the Court ordered petitioner to file a response to the motion for summary judgment on or before July 21, 2014. To date, petitioner has failed to do so.

---

[2]On December 4, 2013, petitioner filed a motion for enlargement of time to file a reply to the answer. By order dated December 13, 2013, this Court granted petitioner's motion and extended the reply due date to January 27, 2014. The order specified that if petitioner did not file a reply as directed, the Court would grant respondent's motion and the undenied allegations in the answer would be deemed admitted. Petitioner did not file a reply.

**[*4]**  Respondent's motion for summary judgment requests that we sustain the deficiencies and fraud penalties determined in the notice of deficiency. Respondent contends that facts deemed admitted under Rule 37(c) are sufficient to satisfy his burden of proof as to the deficiencies and penalties.

The deemed admissions under Rule 37(c) establish the following facts.

a.  Petitioner has been a tax return preparer and bookkeeper for more than 20 years.

b.  Petitioner was a tax return preparer and a bookkeeper during the years in issue.

c.  Petitioner prepared her own income tax returns and any amended income tax returns filed for the years in issue.

d.  Petitioner's individual income tax return for 2008 was filed on August 25, 2009.  The return was timely filed because petitioner had been granted an extension of time to October 15, 2009, to file the return.

e.  Petitioner's 2008 income tax return reported the following amounts for income, tax, payments, and overpayment:

| Item | Amount |
| --- | --- |
| Taxable interest | $66,278 |
| Dividends | 12 |
| Schedule C "Accounting" | 2,868 |

| | | |
|---|---|---|
| **[*5]** | Pensions | (16,739) |
| | Unemployment | 1,335 |
| | Adjusted gross income | 53,754 |
| | Taxable income | 44,804 |
| | Tax | 7,550 |
| | Income tax withheld | 60,225 |
| | Recovery rebate | 300 |
| | Total payments | 60,525 |
| | Overpayment to be refunded | 52,975 |

f. On Schedule B, Interest and Ordinary Dividends, of her 2008 return petitioner reported banks as the source of her interest income in the following amounts: Union Bank for $55,150, Washington Mutual for $9,071, Bank of America for $1,366 and $94, and Wells Fargo for $597.

g. Petitioner did not receive any interest from Union Bank, Washington Mutual, Bank of America, and Wells Fargo during 2008.

h. The only income tax withheld for petitioner's 2008 tax year was $573 by ADP, Inc., Retirement Services in connection with a $2,868 pension distribution reported on petitioner's 2008 return.

i. Petitioner grossly overstated the amount of withheld income tax for her 2008 tax year by claiming tax was withheld in the total amount of $60,225 rather than $573.

j. The Internal Revenue Service refunded to petitioner her claimed overpayment of $52,975 for 2008 on September 28, 2009.

**[*6]**   k.  On April 7, 2010, petitioner filed an amended income tax return for 2008 on which she reduced her adjusted gross income by $66,224 because "1099 OID erroneously included in income", removed the $300 credit claimed on her original return, changed her previously reported tax liability from $7,550 to zero, and requested an additional refund of $14,800.

l.  The Schedule B attached to petitioner's amended return for 2008 reported interest from banks totaling $66,278 and made a negative adjustment of $66,224 for a claimed "OID Adjustment", thereby reducing her previously claimed interest income on line 8a from $66,278 to $54.

m.  Petitioner's amended return for 2008 continued to falsely claim that Federal income tax of $60,225 was withheld for 2008.

n.  Petitioner falsely claimed on her amended return for 2008 that she was entitled to an "OID adjustment".

o.  On October 18, 2010, the Internal Revenue Service abated tax of $7,550 and reversed the $300 credit on the basis of petitioner's amended return for 2008, and a notice was automatically issued the same day to petitioner reflecting that the adjustments had been made.

p.  Even though the adjustments had been made, the overpayment claimed on petitioner's amended return for 2008 was "frozen" and was not refunded to her

**[\*7]** because a "refund freeze code" had previously been applied to her 2008 account on April 1, 2010.

q. On September 28, 2009, petitioner applied for a Transmitter Control Code (TCC) through the Filing Information Returns Electronically (FIRE) system, which she received shortly thereafter and used to transmit more than 100 false Forms 1099-OID, Original Issue Discount, and Forms 1099-A, Acquisition or Abandonment of Secured Property, through the FIRE system that claimed substantial amounts of false withholding for her and other taxpayers.

r. By letter dated November 8, 2010, the Internal Revenue Service informed petitioner of a proposed decrease of $59,652 to the amount of tax she claimed had been withheld for 2008.

s. Petitioner objected to the proposed decrease to her claimed amount of withheld tax for 2008 in a letter dated December 8, 2010, as follows:

> [Y]ou are missing 1099-OID's and 1099-A's reflecting information filed. Attached please find copies of said files. These files were F.I.R.E'd directly into your system as well as copies attached to 1040 at time of filing. I have since filed a 1040X requesting additional refund * * *. Please adjust your records accordingly and refund said credits due immediately.

t. Copies of five Forms 1099-OID and five Forms 1099-A for the tax year 2008 were submitted with petitioner's December 8, 2010, letter to the Internal

[*8] Revenue Service to support her claimed entitlement to the amount of withheld tax claimed on her 2008 return.

u. Petitioner prepared each of the five Forms 1099-OID and five Forms 1099-A that she submitted to the Internal Revenue Service in connection with her 2008 tax year.

v. None of the Forms 1099-OID or Forms 1099-A petitioner filed with the Internal Revenue Service for her 2008 tax year were prepared or filed by the banks named on those forms.

w. On the five Forms 1099-OID for 2008, petitioner named herself as the "recipient" and stated that the payers' names, amounts of original issue discount for 2008, and Federal income tax withheld for 2008 were as follows:

| Payer | OID | Tax withheld |
|---|---|---|
| Union Bank | $55,150.14 | $49,635.13 |
| Washington Mutual | 9,071.14 | 8,164.00 |
| Bank of America | 1,366.14 | 1,229.53 |
| Bank of America | 93.96 | 84.56 |
| Wells Fargo Bank | 597.14 | 537.43 |

x. On the five Forms 1099-A for 2008, petitioner stated that the "borrowers", "balance of principal outstanding", and the "fair market value of property" were as follows:

| [*9] Borrower | Principal | F.V. of property |
|---|---|---|
| Union Bank | $55,150.14 | $55,150.14 |
| Washington Mutual | 9,071.14 | 9,071.14 |
| Bank of America | 1,366.14 | 1,366.14 |
| Bank of America | 93.96 | 93.96 |
| Wells Fargo Bank | 597.14 | 597.14 |

y. The five Forms 1099-OID and five Forms 1099-A prepared and filed by petitioner for her 2008 tax year were fictitious and false.

z. On February 13, 2013, the Internal Revenue Service adjusted petitioner's 2008 account by $60,225 to reverse the amount of withheld tax previously claimed by and allowed to her for 2008. Respondent acknowledges that petitioner is entitled to a credit of $573 for tax withheld by ADP, Inc., Retirement Services in connection with the $2,868 pension distribution reported on her 2008 return.

aa. Petitioner's timely filed income tax return for 2009 reported the following amounts for income, tax, payments, and overpayment:

| Item | Amount |
|---|---|
| Interest | - 0 - |
| Dividends | $90 |
| Schedule C "Accounting" | (21,716) |
| AGI | (21,626) |
| Taxable income | - 0 - |
| Tax | - 0 - |
| Income tax withheld | 83,976 |
| Total payments | 83,976 |
| Overpayment to be refunded | 83,976 |

**[*10]** bb.  The Schedule B attached to petitioner's 2009 return reflects that she received interest income of $12,482, $23,883, and $56,942 from Bank of America, Wells Fargo, and JP Morgan Chase Bank NA, respectively, for a total of $93,307 interest but made a negative "OID Adjustment" in the same amount to arrive at the zero taxable interest reported on line 8a of the return.

cc.  Petitioner did not receive any interest from Bank of America, Wells Fargo, and JP Morgan Chase Bank NA during 2009.

dd.  Petitioner did not have any income tax withheld from any source during 2009.

ee.  Petitioner's claim on her 2009 income tax return that income tax of $83,976 was withheld was false.

ff.  Three Forms 1099-OID and three Forms 1099-A for the tax year 2009 were submitted with petitioner's 2009 return.

gg.  On the three Forms 1099-OID for 2009, petitioner named herself as the "recipient" and stated that the payers' names, amounts of original issue discount for 2009, and Federal income tax withheld for 2009 were as follows:

| Payer | OID | Tax withheld |
|-------|-----|--------------|
| JP Morgan Chase Bank NA | $56,941.73 | $51,247.56 |
| Wells Fargo Bank | 23,883.21 | 21,494.89 |
| Bank of America | 12,481.52 | 11,233.37 |

[*11] hh. On the five Forms 1099-A for 2008, petitioner stated that the "borrowers", "balance of principal outstanding", and the "fair market value of property" were as follows:

| Borrower | Principal | F.V. of property |
|---|---|---|
| JP Morgan Chase Bank NA | $56,941.73 | $56,941.73 |
| Wells Fargo Bank | 23,883.21 | 23,883.21 |
| Bank of America | 12,481.52 | 12,481.52 |

ii. Petitioner prepared each of the three Forms 1099-OID and three Forms 1099-A she submitted to the Internal Revenue Service in connection with her 2009 tax year.

jj. None of the Forms 1099-OID or Forms 1099-A petitioner filed with the Internal Revenue Service for her 2009 tax year were prepared or filed by the banks named on those forms.

kk. The three Forms 1099-OID and three Forms 1099-A prepared and filed by petitioner in connection with her 2009 income tax return were fictitious and false.

ll. The Internal Revenue Service refunded to petitioner her claimed overpayment for 2009 of $83,976 on April 5, 2010.

**[\*12]** mm.  On February 22, 2013, the Internal Revenue Service adjusted petitioner's 2009 account to reverse the amount of withheld tax claimed by and allowed to petitioner for 2009.

nn.  On petitioner's Form 1040, U.S. Individual Income Tax Return, for the tax year 2010, she left lines 7 through 60 blank and claimed $174,803 on line 61 ("Federal income tax withheld from Forms W-2s and 1099") and line 72 ("total payments") and provided a bank routing and account number in the "Refund" section of the return.

oo.  Petitioner attached a Form 1040-V, Payment Voucher, in the amount of $174,803 to her 2010 return.

pp.  Petitioner did not have any income tax withheld from any source for her 2010 tax year and made no payment in any amount for her 2010 income tax.

qq.  No refund was issued to petitioner in connection with her claim of withheld tax of $174,803 and an overpayment in that amount on her 2010 tax.

rr.  Petitioner also filed false OID-based amended income tax returns for 2006 and 2007 on which she falsely claimed overpayments of tax.  No refunds were issued related to those amended returns, and penalties for filing frivolous tax returns were assessed against petitioner under the provisions of section 6702(a) for each of those years.

[*13] ss. Petitioner's income tax returns for the years in issue were audited, and a deficiency in income tax was determined for each year as set forth in the statutory notice of deficiency upon which this case is based.

tt. On the Schedule C, Profit or Loss From Business, attached to her 2008 tax return, petitioner reported gross income of $25,551, expenses of $42,290, and a net loss of $16,739.

uu. On the Schedule C attached to her 2009 tax return, petitioner reported gross income of $13,247, expenses of $34,963, and a net loss of $21,716.

vv. Deficiencies in income tax for petitioner's 2008 and 2009 tax years of $2,732 and $2,941, respectively, were determined on the basis of adjustments to business expenses and gross income reported on the Schedule C attached to petitioner's return for each year and related computational increases to petitioner's self-employment tax.

ww. In the light of the amount of the deficiency determined for 2008 and the amount of the false overstatement of withheld tax claimed on petitioner's return for 2008 and refunded to her, petitioner's total underpayment of tax for 2008 is $62,957.

xx. In the light of the amount of the deficiency determined for 2009 and the amount of the false overstatement of withheld tax claimed on petitioner's return

[*14] for 2009 and refunded to her, petitioner's total underpayment of tax for 2009 is $86,917.

yy.  The proposed deficiency for 2010 of $24,584 is based on unreported business income and the related self-employment tax on petitioner's business income.

zz.  Petitioner did not report any income on her 2010 income tax return and did not attach a Schedule C to the return.

aaa.  Petitioner did not provide the revenue agent conducting the examination with any books or records for 2010.

bbb.  Petitioner's taxable income was determined using the revenue agent's identification of specific items from petitioner's business clients deposited into petitioner's bank accounts during 2010.

ccc.  In 2010 petitioner deposited checks and cash received from clients into one of three personal bank accounts.

ddd.  In 2010 petitioner deposited a total of $195,655 into her bank accounts.

eee.  After taking into account transfers of funds and nontaxable deposits, petitioner's taxable deposits from clients totaled $76,753.

**[\*15]** fff. Petitioner did not provide the revenue agent with any substantiation for business expenses.

ggg. After computational adjustments, the deficiency in income tax for petitioner's 2010 tax year is $24,854.

hhh. The underpayment of tax for petitioner's 2010 tax year is $24,854.

iii. Petitioner fraudulently and with the intent to evade tax filed a false Federal individual income tax return for 2008.

jjj. Petitioner fraudulently and with the intent to evade tax prepared and filed five false Forms 1099-OID reporting that Federal income tax was withheld in the total amount of $59,652 for 2008.

kkk. Petitioner fraudulently and with the intent to evade tax falsely overstated the amount of Federal income tax withheld by $59,652 on her income tax return for 2008.

lll. Petitioner fraudulently and with the intent to evade tax obtained a refund of $52,975 for 2008 on the basis of the false amount of withheld tax claimed on her 2008 return and the fictitious Federal income tax withholdings shown on the bogus Forms 1099-OID that she filed for 2008.

mmm. Petitioner fraudulently and with the intent to evade tax filed a false Federal amended tax return for 2008 claiming an additional overpayment of tax

[*16] and fraudulently attempted to obtain an additional refund for 2008 to which she was not entitled.

nnn. Petitioner fraudulently and with the intent to evade tax filed a false Federal individual income tax return for 2009.

ooo. Petitioner fraudulently and with the intent to evade tax prepared and filed three false Forms 1099-OID reporting that Federal income tax was withheld in the total amount of $83,976 for 2009.

ppp. Petitioner fraudulently and with the intent to evade tax falsely overstated the amount of Federal income tax withheld by $83,976 on her income tax return for 2009.

qqq. Petitioner fraudulently and with the intent to evade tax obtained a refund of $83,976 for 2009 on the basis of the false amount of withheld tax claimed on her 2009 return and the fictitious Federal income tax withholdings shown on the bogus Forms 1099-OID that she filed for 2009.

rrr. Petitioner filed a false Federal individual income tax return for 2010 reporting no income and claiming a large tax refund on the basis of fictitious Federal income tax withholdings.

sss. Petitioner, who held herself out to the public as providing tax return preparation and financial accounting services and who had filed many income tax

**[*17]** returns over the years, was fully aware of the requirement to report her gross income on her tax return for 2010.

ttt.  Petitioner fraudulently and with the intent to evade tax failed to report any income on her 2010 income tax return.

uuu.  Petitioner fraudulently and with the intent to evade tax failed to report her gross business income for the 2010 tax year.

vvv.  Petitioner fraudulently claimed false income tax withheld of $174,803 for the 2010 tax year.

www.  Petitioner fraudulently attached a false Form 1040-V to her 2010 return reflecting that she made a payment of $174,803 whereas she had made no such payment in that or any amount for her 2010 tax year.

xxx.  Petitioner engaged in a pattern of conduct by which she attempted to defraud the Federal Government in connection with her 2008, 2009, and 2010 tax years.

yyy.  All or part of the underpayment of tax for petitioner's 2008 tax year is due to fraud.

zzz.  All or part of the underpayment of tax for petitioner's 2009 tax year is due to fraud.

**[\*18]** aaaa. All or part of the underpayment of tax for petitioner's 2010 tax year is due to fraud.

## Discussion

Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b). Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The opposing party cannot rest upon mere allegations or denials in his pleadings and must "set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d). The moving party bears the burden of proving there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). Deemed admissions pursuant to Rule 37(c) have long been held to be sufficient to sustain a motion for summary judgment. See, e.g., Gilday v. Commissioner, 62 T.C. 260 (1974).

**[*19]** Income Tax Deficiencies

The first issue for decision is whether we should grant respondent summary judgment as to the deficiencies for the years in issue.

Respondent's motion is supported by petitioner's failure to answer the affirmative allegations in the answer. Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, files a motion that specified allegations in the answer be deemed admitted. Rule 37(c). Facts deemed admitted under Rule 37(c) are considered conclusively established and may be relied on by the Commissioner even when he bears the burden of proof. Baptiste v. Commissioner, 29 F.3d 1533, 1537 (11th Cir. 1994), aff'g T.C. Memo. 1992-198; Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985).

In his answer respondent alleged that petitioner's underreporting her business income and other income and falsely overstating the amounts of income tax withheld resulted in underpayments of tax due. Petitioner was given several opportunities to deny respondent's affirmative allegations. Because petitioner did not reply to these allegations and the Court granted respondent's Rule 37(c) motion, she is deemed to have admitted these facts. These admissions are adequate to support respondent's burden of proving no genuine dispute of material

**[\*20]** fact exists as to the deficiency determinations. Accordingly, we will grant respondent's motion as to the deficiencies determined for the years in issue.

Fraud Penalties

The second issue for decision is whether we should grant respondent's motion for summary judgment as to the section 6663(a) fraud penalties.

Section 6663(a) imposes a penalty equal to 75% of the portion of any underpayment attributable to fraud. The Commissioner bears the burden of proving by clear and convincing evidence that an underpayment exists and that some portion of the underpayment for each year is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b). Deemed admissions under Rule 37(c) are sufficient to satisfy this burden. Doncaster v. Commissioner, 77 T.C. 334, 336-340 (1981).

Petitioner is deemed to have admitted that she fraudulently underreported income, overstated business deductions, and overstated withholdings. The facts clearly establish petitioner's underpayments as determined by respondent for the years in issue.

Next, we turn to fraud, which is an actual wrongdoing with an intent to evade a tax believed to be owing. See Marshall v. Commissioner, 85 T.C. at 272-273. Fraud is never presumed and must be established by independent evidence of

**[\*21]** fraudulent intent.  <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 699 (1989).

Thus, the existence of fraud is a question of facts and circumstances that a court

must consider on the basis of an examination of the entire record and the

taxpayer's entire course of conduct, including the taxpayer's background,

education, and experience.  <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 211

(1992); <u>Stone v. Commissioner</u>, 56 T.C. 213, 223-224 (1971).

When fraud cannot be established by direct proof, the requisite intent may

be inferred from any conduct the likely effect of which would be to conceal,

mislead, or otherwise prevent the collection of taxes the taxpayer knew or believed

he owed.  <u>Spies v. United States</u>, 317 U.S. 492, 499 (1943).  Courts have

developed several objective "badges" of fraud, including:  (1) understatement of

income; (2) inadequate records; (3) failing to file tax returns; (4) providing

implausible or inconsistent explanations of behavior; (5) concealment of assets;

(6) failing to cooperate with taxing authorities; (7) failing to make estimated tax

payments; (8) dealing in cash; (9) engaging in a pattern of behavior that indicates

an intent to mislead; and (10) filing false documents.  <u>Bradford v. Commissioner</u>,

796 F.2d 303, 307-308 (9th Cir. 1986), <u>aff'g</u> T.C. Memo. 1984-601.  While no

single factor is necessarily sufficient to establish fraud, the existence of several

**[\*22]** factors constitutes persuasive circumstantial evidence. See <u>Niedringhaus v. Commissioner</u>, 99 T.C. at 211.

Petitioner's deemed admissions of fact establish numerous badges of fraud, including: (1) underreporting her income, overstating deductions, and grossly overstating the amounts of income tax withheld; (2) giving implausible or inconsistent explanations; (3) engaging in illegal activities; and (4) filing false documents, including false income tax returns. We note that she possessed greater than average knowledge of the requirements of the Internal Revenue Code because of her 20 years of experience as an income tax preparer and bookkeeper. In addition, our finding of fraudulent intent is supported by petitioner's deemed admissions that she fraudulently and with the intent to evade tax filed false Federal tax returns for the years in issue and claimed fictitious overpayments of tax to obtain large refunds to which she was not entitled.

In sum, petitioner's deemed admissions clearly satisfy respondent's burden of proof of fraud for purposes of the section 6663(a) penalties. See <u>Doncaster v. Commissioner</u>, 77 T.C. at 337. We are convinced that the totality of the evidence establishes petitioner's fraud for the years in issue. Accordingly, because there are no material facts in dispute and because respondent has satisfied his burden of

[*23] proof by clear and convincing evidence, we will grant respondent's motion for summary judgment with respect to the section 6663(a) penalties.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.